ECONOMICS LABORATORY,
INC., Appellant,

v.

Richard TANENBAUM, et al., Appellee.

No. A2676.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Aug. 5, 1981.

Rehearing Denied Sept. 10, 1981.

S. Mitchell Glassman, Glassman & Glassman, Houston, for appellant.

Terry G. Wiseman, Roseman & Wiseman, Hal Gordon, Gordon & Gordon, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

J. CURTISS BROWN, Justice.

This is an appeal from a take-nothing summary judgment against the plaintiff below in a suit for a deficiency judgment arising out of a repossession of collateral. The case involves a secured party's right to deficiency judgment after scrapping repossessed collateral and crediting the debtor's account for the salvage value of the collateral.

In April of 1976, Economics Laboratory, Inc. (appellant) sold a commercial washing machine, a commercial dryer, some accessories, and certain linen products to Richard Tanenbaum (appellee) for use in appellee's restaurant, the Monument Inn. Through two conditional sales contracts, appellant retained a security interest in the merchandise. He assigned the contracts, with right of recourse, to a bank in Minnesota. According to appellee, the equipment did not function properly and had to be serviced at least twelve times while appellee had possession of the equipment, a period of slightly less than two years.

Appellee defaulted on payments due under the sales contract. The bank reassigned the contracts to appellant upon appellant's payment of the balances due. Appellee asked appellant to take possession of the machines, accessories and linens, and to credit his account in full. Appellant repossessed most of the collateral on April 18, 1978. (Appellee apparently retained some of the linen products.) The merchandise was in poor condition. Appellant decided it would not be economical to refurbish the collateral and offer it for sale, so he scrapped it.

Appellant did not credit appellee's account in full. Instead, he billed appellee for the deficiency owing on the contracts after crediting to appellee's account the salvage value of the scrapped collateral. Appellee did not pay. Appellant subsequently filed suit to recover the deficiency, alleging that he had credited appellee's account for $1,000.00 for the repossessed merchandise. Appellee filed a motion for summary judgment asserting that, under Section 9–505 of the Uniform Commercial Code (UCC), appellant's retention of the repossessed collateral barred his recovery of any deficiency. Appellant's response to the motion alleged that the retention of collateral did not bar his action and that credit of $2,100.00 had been given upon repossession for the fair market value of the goods. The motion was granted.

Appellant contends that the trial court erroneously deprived him of his right to pursue a deficiency judgment. He argues that the UCC does not relieve a debtor of his liability for any deficiency remaining after the secured party has repossessed collateral upon default, retained or scrapped such collateral, and credited the debtor's obligation for the fair market value of the collateral; citing Tex.Bus. & Com. Code Ann. §§ 9.504–9.505 (Vernon Supp.1980–1981). Appellant contends that Section 9.504 allows the secured party to dispose of collateral in a commercially reasonable manner, with certain procedural requirements. He further contends that Section 9.505(b) does two thing: (1) it gives a secured party, who after default has repossessed collateral not described in Section 9.505(a), the opportunity to offer in writing to retain such collateral in full satisfaction of the underlying obligation; and (2) it gives the debtor the right to reject such

offer and force the secured party to dispose of the collateral under Section 9.504 constraints. Neither section, he argues, controls a situation where the secured party retains the collateral without either a "9.505(b) proposal" or a "9.504 disposition" and credits the debtor's obligation for the fair market value of the collateral. In such situations, appellant would apply the rule of *Roylex, Inc. v. E.F. Johnson Co.*, 617 S.W.2d 760 (Tex.Civ.App.—Houston [14th Dist.], 1981) (not yet reported). *Roylex* was decided and filed well after the summary judgment was granted by the trial court. In *Roylex*, we recognized a split of authority on the issue here presented and adopted the rule that, where a secured party retains collateral repossessed after default without a proposal to retain in satisfaction of the debt and credits the debtor's obligation for the value of such collateral (which action is not provided for in the UCC), such secured party will, in a suit for a deficiency, be faced with a presumption in favor of the debtor that the fair market value of the collateral retained equals the balance due on the debt at the time of repossession.

Appellee contends that such a rule encourages a secured party to undervalue the collateral, gather evidence to overcome the presumption, and "scrap" the collateral to make contrary evidence unavailable to the debtor. Appellee goes on to say that such an approach deprives the debtor of the protection of a marketplace valuation provided by UCC § 9.504, of access to proof of loss caused by the secured party's non-compliance with UCC §§ 9.504 and/or 9.505 (for which the secured party is liable under UCC § 9.507), and of an opportunity to redeem the collateral under UCC § 9.506. Appellee illustrates his contentions with appellant's behavior in the instant case: Appellant first alleged a credit to appellee's account of $1,000.00 and later alleged a $2,100.00 credit. Therefore, appellee would require a secured party to dispose of collateral under Section 9.504 in order to preserve the right to pursue a deficiency judgment. Should a secured party choose to retain collateral, appellee would hold such retention to be in full satisfaction of the debt. under Section 9.505. We reject these contentions on the basis that our decision in *Roylex* controls this case. The specific grounds set forth in the motion are insufficient to support the summary judgment. Tex.R.Civ.P. 166–A(c).

■ Appellee moved to dismiss this appeal for want of jurisdiction. He argues that the summary judgment is interlocutory as it does not dispose of appellee's counterclaim for deceptive trace practices, breach of contract and recission. The summary judgment was signed on November 19, 1980. On December 9, 1980, the court severed the counterclaim and ordered said counterclaim docketed under a new number and style. Severance divides a lawsuit into two or more separate independent causes. After severance, a judgment disposing of all parties and issues in one of the severed causes is final and appealable. *Hall v. City of Austin*, 450 S.W.2d 836 (Tex.1970), *appeal dismissed per curiam*. The summary judgment entered in the instant suit finally disposed of appellant's cause of action for a deficiency judgment against appellee. The order is appealable.

The judgment is reversed and remanded for further proceedings.

Reversed and remanded.