Richard TANENBAUM, et al.,
Petitioners,

v.

ECONOMICS LABORATORY,
INC., Respondents.

No. C-806.

Supreme Court of Texas.

March 3, 1982.

Rehearing Denied March 31, 1982.

Roseman & Wiseman, Ralph David Stekin, Jr., and Terry G. Wiseman, Houston, for petitioners.

Glassman & Glassman, S. Mitchell Glassman, Houston, for respondents.

WALLACE, Justice.

This is an appeal from a take nothing summary judgment in which the creditor sued for a deficiency judgment following default on a secured note and repossession of the collateral. The court of civil appeals reversed the trial court and remanded for trial. 620 S.W.2d 839. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

The sole issue before us is whether the retention of collateral in a secured transaction, without notice to the debtor, bars a suit for deficiency. Economics Laboratory, Inc., (Economics) sold certain items of commercial laundry equipment to Richard Ta-

nenbaum (Tanenbaum) for use in his restaurant. The equipment was sold under two conditional sales contracts and Economics retained a security interest. The equipment did not function properly and after approximately two years Tanenbaum asked Economics to take possession of the equipment and credit his account in full. Economics took possession of the equipment and, after deciding that it was not economically feasible to repair the equipment, scrapped it. Tanenbaum was not given any notice of Economics intention to dispose of the equipment. Sections 9.504 and 9.505 [1] control our disposition of this case. Section 9.504 provides in pertinent part:

(a) A secured party after default may sell, lease or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing. Any sale of goods is subject to the chapter on Sales (Chapter 2)....

.    .    .    .    .

(b) If the security interest secures an indebtedness, the secured party must account to the debtor for any surplus, and, unless otherwise agreed, the debtor is liable for any deficiency....

(c) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale.... The secured party may buy at any public sale and if

1. All references are to Tex.Bus. & Comm.Code Ann.

the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations he may buy at private sale.

1972 Official U.C.C. § 9–504, comment provides in pertinent part:

... Although public sale is recognized, it is hoped that private sale will be encouraged where, as is frequently the case, private sale through commercial channels will result in higher realization on collateral for the benefit of all parties. The only restriction placed on the secured party's method of disposition is that it must be commercially reasonable....

Section 9.505 states in pertinent part as follows:

. . . . .

(b) In any other case involving consumer goods or any other collateral a secured party in possession may, after default, propose to retain the collateral in satisfaction of the obligation. Written notice of such proposal shall be sent to the debtor if he has not signed after default a statement renouncing or modifying his rights under this subsection. In the case of consumer goods no other notice need be given. In other cases notices shall be given to any other secured party who has a security interest in the same collateral and who has duly filed in the office of the Secretary of State or the County Clerk ... a financing statement indexed in the name of the debtor or from whom the secured party has received (before sending his notice to the debtor or before the debtor's renunciation of his rights) written notice of a claim of an interest in the collateral.

. . . . .

The laundry equipment involved in this case is not the type of collateral falling within notice exceptions of Section 9.504. Therefore, if Economics was going to use the provisions of Section 9.504, notice was necessary. Despite the fact that notice was required, the court of civil appeals, in reversing the trial court, cited as authority its prior opinion in *Roylex, Inc. v. E. F. John-*

*son Company*, 617 S.W.2d 760 (Tex.Civ.App. —Houston [14th Dist.] 1981, no writ) in holding that when a creditor in a secured transaction repossesses the collateral, he is not put to an election to either sell the property as provided in Section 9.504, or to retain the property in full satisfaction of the debt as provided in Section 9.505. In *Roylex*, the court of civil appeals held that a creditor could retain the collateral without prior notice to the debtor, and that in his suit for deficiency he would only be faced with a rebuttable presumption that the value of the collateral was equal to the underlying debt. We hold that the court of civil appeals in *Roylex*, and again here, has misinterpreted Chapter 9 of the Business and Commerce Code.

Section 9.504 gives the creditor the widest leeway in choosing whatever means of disposition of the collateral he considers most advantageous. He may dispose of it by public or private proceedings, in bulk or by lots, at any time or place and on any terms. The only limits on the creditor's disposition of the collateral is that it must be commercially reasonable, and must be made only after notification to the debtor if required by Section 9.504. Then and only then is he entitled to sue for a deficiency.

Section 9.505 gives the creditor another alternative; he may retain the collateral in complete satisfaction of the indebtedness. If the creditor chooses this alternative, he must notify the debtor of his intent; and in cases other than consumer goods he must notify other interested secured parties. If none of the parties entitled to notice objects within 21 days, no other action is required. If there is an objection, the property must be disposed of as provided in Section 9.504. Within Section 9.505, there is no provision allowing the creditor to sue for a deficiency after he retains the collateral. We find that the intent of the Legislature in enacting these provisions of the Texas Business and Commerce Code was to put the creditor to an election to either sell the repossessed collateral pursuant to Section 9.504 or to retain the collat-

eral in complete satisfaction of the debt pursuant to Section 9.505.

 The facts of this case are typical of the abuse we would invite should we sustain the rebuttable presumption created and employed by the court of civil appeals. This rebuttable presumption would allow a creditor to forego notice when required by Section 9.504, defeat the presumption that the value of the goods on the date of repossession was equal to the underlying debt, and still recover the alleged deficiency. This rule can rob the debtor of any opportunity to have the collateral appraised in the event the creditor later decides to sue for a deficiency. A debtor could lose the express protections the Code provides.

In this case, Tanenbaum requested Economics to take back the collateral in full satisfaction of his debt. Economics took back the collateral with no indication in the record as to whether it would do so. At some later date Economics determined that the collateral could not be economically repaired; so the collateral was scrapped. At the time of the suit for deficiency, Economics credited Tanenbaum with a value of $1,000 for the collateral. Later, after Tanenbaum filed his Motion for Summary Judgment, Economics credited Tanenbaum with $2,100 as value for the equipment. Since the collateral had been scrapped, it was not available for appraisal, and Tanenbaum had no opportunity to rebut the evidence of value offered by Economics. This is just one example of the abuse that would result if a creditor is permitted to unilaterally dispose of the collateral without following the specific notice requirements of Section 9.504. We hold that in order for a creditor in a secured transaction to sue for a deficiency after disposition of collateral in a commercially reasonable manner, he must first comply with those provisions of Section 9.504 which require giving notice to the debtor.

In this case we hold that Economics retained the collateral in full satisfaction of the indebtedness. By destroying the collateral it elected to be governed by Section 9.505, and therefore is not entitled to a deficiency judgment.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.