**PINEY POINT INVESTMENT CORP., et al., Appellants,**

v.

**PHOTO DESIGN, INC., et al., Appellees.**

No. 01–84–0629–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 2, 1985.

Rehearing Denied June 13, 1985.

Richard S. Browne, Browne & Moore, Houston, for appellants.

John E. Williams, Jr., Gibbins, Burrow & Bratton, Houston, for appellees.

Before EVANS, C.J., and COHEN and DUNN, JJ.

## OPINION

EVANS, Chief Justice.

The principal question in this case is whether the appellees were entitled to a deficiency judgment in their suit on a promissory note. We hold that they were so entitled, and we affirm the trial court's judgment.

In October, 1980, the appellees, Mr. and Mrs. Carlos Carpenter, decided to move to a farm in the country and sold their graphic design business, Photo Design, Inc., to Piney Point Investment Corporation. The total purchase price was $55,000, of which $15,950 was paid in cash. The balance was represented by a promissory note in the amount of $39,050, executed by Piney Point Investment Corp. and personally guaranteed by Charles C. Douglass and the appellant Kilyong Douglass. Although some interest payments were made, the note came into default the following year, and the appellees filed suit against the maker and the two guarantors. The appellant and the other defendants responded with a separate suit based on the Deceptive Trade Practices-Consumer Protection Act. These causes were consolidated for trial. After a nonjury trial, the court entered a take-nothing judgment against the appellant and his co-defendants, and entered judgment for the appellees in the amount of $45,212.50.

The issues in the trial court and on appeal relate to the appellees' repossession of the business equipment during the pendency of the action. In this respect, the trial court made the following findings of fact, which are unchallenged on this appeal:

1. On or about February 1, 1982, Photo Design, Inc. repossessed the assets securing the note.

2. On or about March 30, 1982, Photo Design, Inc.'s attorney wrote a letter to the attorney for the debtor and guarantors stating that the assets had been repossessed and were to be disposed of through a private sale on or after April 15, 1982.

3. No sale was made on April 15, 1982, and as late as September, 1982, Photo Design, Inc., was using the repossessed assets to re-establish a graphics design business. Two of the repossessed assets had to be sold some time later to meet expenses.

4. At the time of trial, some two years after repossession, Mr. Carlos Carpenter still had in his possession the remaining assets. During the time prior to trial, he made no effort to offer the goods to the public, to advertise them, or to do anything that a reputable, responsible dealer in photography equipment would do in order to sell the goods at the best price available.

5. No oral or written notice was given to the debtors or guarantors of the two sales.

6. The fair market value of the collateral at the time reasonably after possession was $9,000.00—six months after repossession.

The trial court further found that the unpaid principal amount of the note was $39,050. It added interest and attorney's fees and deducted $9,000.00, representing the fair market value of the repossessed

**770**

collateral, leaving a balance of $45,012.50. The trial court concluded, as a matter of law, that because the repossessed collateral was available "for appraisal and as evidence, no irrebuttable presumption about acceptance in lieu of the debt arises."

The appellant complains in two points of error that the trial court erred in entering judgment for the appellees, because: (1) as a matter of law, the appellees elected to retain the re-possessed collateral under section 9.505 of the Texas Business and Commerce Code, thus extinguishing the underlying debt; and (2) the appellees failed to sell the repossessed goods in a commercially reasonable time and manner as required by section 9.504 of the Texas Business and Commerce Code.

In support of his first point of error, the appellant relies principally upon the decision of the Texas Supreme Court in *Tanenbaum v. Economics Laboratory, Inc.*, 628 S.W.2d 769 (Tex.1982). In that case, the debtor tendered the collateral to his creditor "in satisfaction" of the debt, and although the creditor did not indicate that it would accept the collateral on that basis, it eventually scrapped the collateral, credited the debtor for the alleged value of the collateral, and then sued the debtor for the deficiency. Because the collateral had been destroyed, the debtor had no opportunity to rebut the creditor's estimate of value. It is the appellant's contention here that the Supreme Court's "message" in *Tanenbaum* is that a creditor is put to an election to either sell the repossessed collateral pursuant to section 9.504 or to retain the collateral in complete satisfaction of the debt pursuant to section 9.505.

■ We disagree with the appellant's overbroad interpretation of *Tanenbaum.* The court in *Tanenbaum* held only that if a creditor wishes to sue for a deficiency after disposing of the collateral, he must first give notice to the debtor of the sale, pursuant to section 9.504. By destroying the collateral, the creditor there was deemed to have elected to retain it in satisfaction of the debt. The fact that the appellees in the instant case repossessed

the equipment and may have remained in possession of a substantial part of it, does not, standing alone, constitute an election to retain the collateral in full satisfaction of the indebtedness. *See Ley v. Main Bank of Houston,* 665 S.W.2d 178, 181 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). The appellees gave clear notice to the appellant that they intended to dispose of the repossessed collateral by private sale, in compliance with the notice provision of section 9.504, and the appellant has not challenged the trial court's specific finding of fact on that issue. Further, the trial court found that the collateral was available for appraisal, distinguishing this case from the concerns addressed in *Tanenbaum* of preventing double recovery by a creditor. We find both evidence and a finding supporting the implied conclusion of law that the appellee properly made an election to dispose of the property pursuant to section 9.504. We accordingly overrule the appellant's first point of error.

■ The appellant's second point of error relates to the question of whether the disposition of the collateral was in method, manner, time, place, and terms "commercially reasonable," as required by section 9.504(c). The trial court found, in effect, that the sale did not take place within a commercially reasonable time, but it also found that the fair market value of the collateral, within such commercially reasonable time, was in the amount of $9,000. These findings are unchallenged, and since the trial court determined that the appellant was entitled to a credit for the full amount of such value, the appellant received everything he would have received had the sale been made within a commercially reasonable time. Accordingly, the appellant has failed to demonstrate any error requiring a reversal of the judgment, and we overrule his second point of error. Tex.R.Civ.P. 434.

The judgment of the trial court is affirmed.