**WHIRLYBIRDS LEASING CO., et al., Appellants,**

v.

**AEROSPATIALE HELICOPTER CORP., Appellee.**

No. 05–87–00362–CV.

Court of Appeals of Texas, Dallas.

April 13, 1988.

Rehearing Denied May 31, 1988.

Roy H. Potter, Rory H. Potter, Houston, for appellants.

Terry L. Jacobson, Dallas, for appellee.

Before HOWELL, HECHT and BAKER, JJ.

BAKER, Justice.

Whirlybirds Leasing Company et al. appeal from an adverse summary judgment. Whirlybirds asserts eight points of error contending that the trial court erred in failing to recognize several disputed issues of fact. We agree with Whirlybirds' third point asserting that appellee Aerospatiale Helicopter Corporation elected its remedy and therefore reverse and remand.

Whirlybirds Leasing Company–III is a partnership consisting of the individuals named as defendants by A.H.C. In November 1979, A.H.C. sold a helicopter to Whirlybirds. Whirlybirds executed a promissory note for the sale price and gave a security agreement to A.H.C. for payment of the note. A.H.C. alleged that Whirlybirds defaulted on the note in February 1982. At the time of default the principal balance due was $123,597.97. On March 1, 1983, A.H.C. repossessed the helicopter. In September 1985, A.H.C. instituted suit against Whirlybirds and its partners to recover the unpaid principal and accrued interest on the note together with attorney's fees. Whirlybirds' answer asserted a number of affirmative defenses including the allegation that A.H.C. had elected its remedy by its conduct in this transaction.

Subsequently, A.H.C. filed its motion for summary judgment supported by exhibits and affidavits which tracked the factual allegations of its original petition as did the affidavits that A.H.C. filed in support of its motion. In its response and motion for

summary judgment, Whirlybirds alleged that A.H.C. elected its remedy by repossession under the security agreement; therefore, it and not A.H.C. was entitled to summary judgment. The trial court granted A.H.C.'s motion, denied Whirlybirds', and rendered judgment for the entire balance of the note, interest, and attorney's fees.

A movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. In deciding whether there is a disputed material fact issue precluding summary judgment, all evidence favorable to the non-movant will be taken as true. Every reasonable inference must be indulged in favor of the non-movant, and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985). The function of the summary judgment is not to deprive a litigant of his right to trial by jury, but to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.1952). Its purpose is to eliminate the need for formal trials when only questions of law exist. *Schroeder v. Texas & Pac. Ry. Co.*, 243 S.W.2d 261, 263 (Tex.Civ.App.—Dallas 1951, no writ).

In this appeal, Whirlybirds asserts that A.H.C. is barred from pursuing this suit for deficiency because it repossessed the collateral and has not complied with sections 9.504 and 9.505 of the Uniform Commercial Code.[1] Whirlybirds argues that in order to prevail on a suit for deficiency, A.H.C., after it repossessed the helicopter, was required to give Whirlybirds notice of any intended disposition of the collateral and was also required to dispose of the collateral in a commercially reasonable manner. Whirlybirds asserts there is no pleading or evidence of any notice of A.H. C.'s intended disposition of the collateral or of the disposition of the collateral in a commercially reasonable manner. Whirlybirds asserts it had not renounced or modified its right to such notification. Whirlybirds relies on *Tanenbaum v. Economics Laboratory, Inc.*, 628 S.W.2d 769 (Tex. 1982), as authority barring A.H.C. from recovery in this case. A.H.C. counters by asserting that the Texas Uniform Commercial Code abolished the doctrine of election of remedies and relies on *Pruske v. National Bank of Commerce*, 533 S.W.2d 931, 934 (Tex.Civ.App.—San Antonio 1976, no writ). In its brief A.H.C. contends that *Tanenbaum* can be factually distinguished, and therefore, is not applicable. A.H.C. also asserts that Whirlybirds had the burden to raise the issue of failure to notify in its responsive pleadings or its motion for summary judgment and did not do so.

The record in this case reveals that A.H. C.'s suit against Whirlybirds and the partners was a "cause of action for default on note and breach of security agreement." The original petition alleged the facts of the sale and the execution of the note and the security agreement. A.H.C. also alleged that it repossessed the helicopter pursuant to the terms of the security agreement and in accordance with applicable state and federal law. Its petition asserted that the helicopter, at the time it was repossessed, was merely a hull and had no market value. At the time of repossession the principal balance due and owing on the note was $123,597.97. The suit that was filed two years after the repossession was for the *same* principal balance with additional accrued interest. A.H.C.'s motion for summary judgment tracked the allegations of its original petition almost verbatim. The note sued upon was submitted as part of its summary judgment evidence; however, no copy of the security agreement was submitted. The supporting affidavit included a statement that the helicopter was repossessed by A.H.C. pursuant to the terms of the security agreement and at

1. All statutory references are to TEXAS BUSINESS & COMMERCE CODE ANNOTATED (Vernon Supp.1987).

the time the helicopter was repossessed, it was a shell and had no value. A.H.C. responded to Whirlybirds' summary judgment with an affidavit that repeated the same allegations contained in its motion but concluded with the statement that "because the helicopter had no fair market value, A.H.C. subsequently donated the helicopter to [a third party]."

There are no allegations in A.H.C.'s petition, motion for summary judgment, or summary judgment affidavits that any notice of the proposed disposition of the collateral was given to Whirlybirds or notice of what disposition, if any, was made of the collateral. There is no pleading or summary judgment evidence that Whirlybirds waived such notice after default. The basic issue for this Court is whether A.H.C.'s actions preclude it from suing for a deficiency judgment on the debt.

A creditor has two alternatives when seeking to recover from a defaulting debtor. Section 9.504 allows for sale of the collateral by "any advantageous means," so long as the disposition is commercially reasonable and prior notice is given to the debtor. Under section 9.504(c) notice to the debtor is required unless the collateral is perishable, would decline quickly in value, is customarily sold on a recognized market, or the debtor waives his right to notice in writing after default. Only when appropriate notice is given, may a creditor subsequently sue for deficiency under section 9.504(c).

Alternatively, section 9.505 allows the creditor to retain the collateral in complete satisfaction of the indebtedness once it notifies the debtor of its intent. In cases other than consumer goods, it must also notify other interested secured parties. If within twenty-one days the creditor receives no objections, no other action is required; however, if a party does object, the collateral must then be disposed of pursuant to section 9.504. Section 9.505 precludes an action for a deficiency judgment once the creditor chooses to retain the collateral.

■ The legislative intent behind sections 9.504 and 9.505, as interpreted by the Supreme Court in *Tanenbaum,* is to put the creditor to an election. He must either sell the repossessed collateral under section 9.504 or retain the property in complete satisfaction of the debt pursuant to section 9.505. *Tanenbaum,* 628 S.W.2d at 771–72. *Tanenbaum* specifically holds that in order for a creditor in a secured transaction to sue for a deficiency after disposition of collateral in a commercially reasonable manner, he first must comply with those provisions of section 9.504 which require giving notice to the debtor.

During oral argument, A.H.C. contended that *Tanenbaum* was not applicable because A.H.C. only "attempted" repossession of the collateral. A.H.C. argued that it was only an "attempted" repossession because what it received was just a hull and not the complete helicopter. A.H.C. contends that the equipment it repossessed was incomplete, and that it was valueless. A.H.C. further argued that Whirlybirds did not dispute this unilateral determination of no value and since there was no dispute, there was in fact no value to the collateral. Therefore, since there was no value to the collateral, there was no repossession and its suit was merely a suit to recover on the note. Hence, A.H.C. argues that *Tanenbaum* is not applicable. A.H.C. also asserted during oral argument that its failure to notify of its intent to dispose of the collateral is a defensive issue that Whirlybirds waived by not specifically raising. We disagree with both arguments.

■ First, it is clear that as a secured creditor suing after foreclosure, A.H.C. was required to notify Whirlybirds of its intent to dispose of the collateral and to dispose of the collateral in a commercially reasonable manner. *Achimon v. J.I. Case Credit Corp.,* 715 S.W.2d 73 (Tex.App.— Dallas 1986, writ ref'd n.r.e.); *Sunjet, Inc. v. Ford Motor Credit Co.,* 703 S.W.2d 285 (Tex.App.—Dallas 1985, no writ). Therefore, it was A.H.C.'s burden to plead and provide summary judgment evidence of

compliance with the provisions of section 9.504.

 A.H.C., as the movant for summary judgment, must establish its entitlement to summary judgment on the issues expressly presented to the trial court by conclusively proving all essentials of its cause of action as a matter of law. *See Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). A.H.C.'s summary judgment must stand on its own merits, and Whirlybirds' failure to specifically plead A.H.C.'s omission of notification and disposition in a commercially reasonable manner cannot supply, by default, the summary judgment proof necessary to establish A.H.C.'s right. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). As previously noted, A.H.C. neither pleaded nor provided summary judgment proof that Whirlybirds waived notice, that it delivered notice of disposition of the collateral to Whirlybirds or that the collateral was disposed of in a commercially reasonable manner. A.H.C.'s argument of "attempted" repossession flies directly in the face of *Tanenbaum's* rationale. Here, as in *Tanenbaum*, the secured creditor unilaterally reached a decision on the value of the collateral and disposed of the collateral without notice to the debtor. As stated in *Tanenbaum*, this situation is an example of the abuse that results when a creditor is permitted to unilaterally dispose of the collateral without following the specific notice requirements of section 9.504. We find no exception to the notice requirements of that section; thus, A.H.C. is precluded from suing for deficiency on Whirlybirds' debt because it disposed of the collateral under its security agreement without giving notice.

 Pursuant to *Tanenbaum*, we hold that A.H.C. repossessed and then disposed of the collateral in full satisfaction of the indebtedness. A.H.C., by its actions, elected to be governed by section 9.505; and consequently, it is not entitled to a deficiency judgment. *See Knight v. General Mo-*

*tors Acceptance Corp.*, 728 S.W.2d 480 (Tex.App.—Fort Worth 1987, no writ); *Burton v. National Bank of Commerce of Dallas*, 679 S.W.2d 115 (Tex.App.—Dallas 1984, no writ).

Therefore, the trial court erred in rendering summary judgment in favor of A.H.C. However, because Whirlybirds did not bring a cross-point of error requesting rendition of judgment in its favor on its summary judgment, the judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings in conformity with this opinion.

HECHT, J., concurs.

HECHT, Justice, concurring.

I join in both the result and the reasoning of the majority. I add only this clarifying postcript.

We hold that in a deficiency suit by a secured creditor, the creditor has the burden of pleading and proving notice to the debtor of the creditor's intent to dispose of the collateral, and disposition in a commercially reasonable manner. Our holding is based partly on the fact that the creditor has the duty under law to give such notice and to dispose of collateral in a commercially reasonable manner.

The creditor has these same legal duties, of course, regardless of whether he is the plaintiff in a deficiency suit against the debtor, or the defendant in an action by the debtor for failure to make a commercially reasonable disposition of collateral. It does not necessarily follow, however, that the creditor has the same burden of pleading and proof when he is in the posture of a defendant as we hold he does when he is a plaintiff. Who bears that burden in an action against the creditor is an issue as to which I understand our opinion to intimate nothing, either express or implied.