Carolyn GREATHOUSE, Independent Executrix of the Estate of Clyde R. Greathouse, Deceased, Appellant,

v.

CHARTER NATIONAL BANK–SOUTHWEST, Appellee.

No. 01–89–01224–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 7, 1990.

Rehearing Denied Aug. 16, 1990.

Robert B. Truelson, II, Houston, for appellant.

Gary L. McConnell, Angelton, for appellee.

Before DUGGAN, WARREN and HUGHES, JJ.

## OPINION

DUGGAN, Justice.

Carolyn Greathouse, independent executrix of the estate of Clyde R. Greathouse, deceased ("Greathouse"), appeals from a judgment holding the estate liable to Charter National Bank–Southwest for the unpaid portion of a promissory note, interest, and attorneys' fees. We affirm.

In January 1984, Charter National Bank–Southwest ("Charter") loaned Forrest Allen & Associates, Inc. ("Forrest") $280,000 and required Forrest to make a promissory note. The loan was secured by assignments of insurance policies, accounts receivable, furniture, and fixtures, and was personally guaranteed by Clyde R. Greathouse, Forrest's registered agent. After an extension, the loan was due in March 1985. When Forrest defaulted, Charter sold the collateral for $100,000, and used the proceeds to reduce the indebtedness. A deficiency of $151,824.95 remained.

In July 1985, Charter sued Forrest and Clyde Greathouse for the deficiency. Charter's first amended original petition included a copy of the promissory note and the guarantee agreement, and alleged

> [A]ll conditions precedent have been performed or have occurred. All just and lawful credits, payments and offsets have been allowed.

The foreclosure sale was not mentioned further in any pleading. Greathouse filed a general denial.[1] The case was tried to the court on Charter's amended petition and Greathouse's general denial. At trial, a Charter employee testified to the existence of the loan agreement and the amount of the deficiency. The employee did not have first-hand knowledge of the foreclosure sale. Consequently, Greathouse moved for judgment on grounds that the

---

1. Greathouse also unsuccessfully moved to    transfer venue.

bank had not proved the commercial reasonableness of the foreclosure sale. The motion was denied. On August 24, 1989, the court awarded Charter $151,824.95, plus $77,733.33 prejudgment interest and $23,300 in attorneys' fees. Greathouse's counsel received notice of the judgment on September 5 and asked the court to make findings of fact and conclusions of law. Greathouse also moved for a new trial, based on insufficient evidence. The court denied Greathouse's late request for fact findings and denied the motion for new trial.

Greathouse raises two interrelated points of error.

First, Greathouse maintains that the court erroneously denied her motion for verdict because Charter did not specifically plead and prove that the collateral was sold in a commercially reasonable manner. Alternatively, Greathouse maintains that if the court made an implied finding the sale was commercially reasonable, there was no evidence to do so. Greathouse claims that *Tanenbaum v. Economics Laboratory, Inc.*, 628 S.W.2d 769 (Tex.1982), requires a secured creditor to specifically *plead and prove* that it held a commercially reasonable foreclosure sale and that it gave notice before it can win a deficiency judgment. *Tanenbaum*, however, does not address the procedural aspect of foreclosure sales, as evidenced by a split of authority among the several appellate courts.

A secured party can sell collateral after a default, but must proceed in a commercially reasonable manner and notify the debtor of the sale. Tex.Bus. & Com.Code Ann.

§ 9.504(c) (Vernon Supp.1990) (Tex.U.C.C.). The Code does not place the procedural burden of proof. Absent a black-letter rule, the courts of appeals have differed on the issue of which party must plead and prove commercial reasonableness and notice.[2]

■■■ Having reviewed the decisions in light of basic rules of civil pleading, we find that the duty to *plead* (not prove) lack of notice and commercial reasonableness initially rests with the debtor. If the debtor specifically alleges a lack of commercial reasonableness or a lack of notice, then the creditor must go forward with his burden of *proof. See Sunjet*, 703 S.W.2d at 288 ("our holding is in conformity with this majority rule that the burden is upon the secured party seeking a deficiency judgment to prove the commercial reasonableness of his disposition of the collateral, *at least where, as here, the debtor has asserted lack of commercial reasonableness*") (emphasis added). Such an approach informs a creditor which areas (if any) are disputed and which items of proof must be produced; it does not allow a creditor to avoid *proving* its case. Here, Greathouse never challenged the commercial reasonableness of the foreclosure sale in the trial court, leaving the bank unaware of the proof needed to rebut such objections. Had Greathouse specifically objected to the sale price or to the integrity of the sale, for example, the bank would have known which witnesses and experts it should present to attempt to rebut the claim. Without indication of a debtor's objections, a creditor is prejudiced in the preparation

---

**2.** For cases placing the burden of proof on the creditor, see *Chase Commercial Corp. v. Datapoint Corp.*, 774 S.W.2d 359, 364 (Tex.App.—Dallas 1989, no writ) ("To the extent that any decisions of our sister courts intimate, suggest, or otherwise hold that failure to give notice or failure to dispose of collateral in a commercially reasonable manner is an affirmative defense to be raised by the debtor, we decline to follow the same.... We hold that notice and the disposition of collateral in a commercially reasonable manner are essential elements of a creditor's suit to recover a deficiency, and the creditor bears the burden to plead and prove notice ..."); *Hall v. Crocker Equip. Leasing*, 737 S.W.2d 1, 3 (Tex.App.—

Houston [14th Dist.] 1987, writ denied); *Achimon v. J.I. Case Credit Corp.*, 715 S.W.2d 73, 76 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *Sunjet, Inc. v. Ford Motor Credit Co.*, 703 S.W.2d 285, 287 (Tex.App.—Dallas 1985, no writ).

For cases placing the burden of proof on the debtor, see *Folkes v. Del Rio Bank & Trust Co.*, 747 S.W.2d 443, 445 (Tex.App.—San Antonio 1988, no writ); *Stra, Inc. v. Seafirst Commercial Corp.*, 727 S.W.2d 591, 595 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Pruske v. National Bank of Commerce*, 533 S.W.2d 931, 935 (Tex.Civ.App.—San Antonio 1976, no writ).

of its case. Accordingly, we hold that the burden of specifically *pleading* a lack of commercial reasonableness or notice in a deficiency action under section 9.504 of the Business and Commerce Code rests with the debtor. TEX.BUS. & COM.CODE ANN. § 9.504 (Vernon Supp.1990). Our holding accords with our previous decision in *Stra.* 727 S.W.2d at 595.

Our approach is supported by the basic principle that pleadings form the blueprint for trial. The parties went to trial on pleadings (amended petition and general denial) that were on file more than three years. Charter Bank sued for a deficiency, alleging that it had performed "all conditions precedent" and had allowed "all just and lawful credits, payments and offsets." Charter's allegations were conclusory and minimal but, nevertheless, *mentioned* the issue of the sale of the collateral. *See* TEX.R.CIV.P. 54 ("In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred. When such performances or occurrences have been so plead, the party so pleading same shall be required to prove only such of them as are specifically denied by the opposite party."). In contrast, Greathouse never mentioned any aspect of the foreclosure sale during the entire time the case pended. Had Greathouse notified the bank by specifically pleading her objections to the foreclosure sale (i.e., inadequacy of sale price, no notice of sale, incompetent auctioneer), the bank would have been in a position to make a *prima facie* showing incorporating the proof necessary to rebut the problem raised by the debtor.

The trial court properly granted judgment for Charter because Greathouse never specifically objected to the commercial reasonableness of the sale so as to require Charter to make its prima facie showing.

Points of error one and two are overruled.

The judgment is affirmed.