Tommy E. MILLIORN, Appellant,

v.

FINANCE PLUS, INC., Appellee.

No. 11–96–347–CV.

Court of Appeals of Texas, Eastland.

March 12, 1998.

Rehearing Overruled April 2, 1998.

---

are involved in this lawsuit, and it also secured other notes signed by Milliorn which are not involved in this lawsuit. After a nonjury trial, the trial court found that the nonjudicial foreclosure by Finance Plus was not performed in a commercially reasonable manner and that this barred the recovery of any deficiency on the $320,000.00 note which was specifically identified in the lien and in the notice of foreclosure. Judgment was then rendered that Finance Plus recover a deficiency judgment from Milliorn on the $38,000.00 note for the sum of $79,524.11 as principal and past-due interest plus attorney's fees. Milliorn appeals.[4] We affirm.

*Findings of Fact and Conclusions of Law*

The trial court made findings of fact and conclusions of law pursuant to TEX.R.CIV.P. 296. Relevant portions of those findings and conclusions read as shown:

> [Finding] 3. Tommy Milliorn executed a Promissory Note payable to First State Bank of Abilene on or about April 24, 1986 in the amount of $320,000.00.

> [Finding] 4. In conjunction with the F.S.B. $320,000.00 Promissory Note, Tommy Milliorn executed a Collateral Assignment of the $1,300,000.00 Real Estate Lien Note [see Footnote No. 1].

> [Finding] 7. On or about December 29, 1988 Tommy Milliorn executed a second Promissory Note payable to First State Bank of Abilene in the amount of $38,000.00.

> [Finding] 8. First State Bank of Abilene failed and its successor in interest . . .

Charles Dick Harris, Law Office of Dick Harris, Abilene, for appellant.

John M. Killian, Killian, Hayden, & Cunningham, San Antonio, Judith Ramsey Saldana, San Antonio, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

DICKENSON, Justice.

Finance Plus, Inc. filed suit against Tommy E. Milliorn[1] to recover a deficiency judgment on two notes signed by Milliorn. Finance Plus had previously conducted a nonjudicial foreclosure of its lien.[2] The lien secured the payment of one of the two promissory notes[3] signed by Milliorn which

---

1. Finance Plus also recovered a judgment for $232,202.74 plus interest and attorneys' fees from Dunigan Investments and others (Anne Dunigan Corporation, Patrick A. Dunigan Trust, Brian A. Dunigan Trust, PAD–JPD Life Trust, BAD–JPD Life Trust, Andy Dunigan Life Trust, and Brian Dunigan Life Trust) for the balance due on a $1,300,000.00 note which was payable to Milliorn and which secured Milliorn's obligation to pay the notes which Finance Plus had purchased. The judgment against the Dunigan defendants has been settled, and their appeal has been dismissed.

2. This lien was created by the "Collateral Assignment of Real Estate Lien Note" which pledged Milliorn's ownership of the $1,300,000.00 Dunigan Note and Deed of Trust.

3. One of the notes was for the original sum of $320,000.00, and the second note was later executed for the original sum of $38,000.00.

4. Finance Plus presents cross-points in which it argues that the trial court erred in denying it a recovery for the balance due on the $320,000.00 note. We agree with the trial court that Finance Plus was not entitled to a deficiency judgment on this note because of the trial court's Conclusion of Law No. 1 (that the foreclosure of the lien securing the payment of this note was not performed in a commercially reasonable manner).

was the Federal Deposit Insurance Corporation (FDIC).

[Finding] 9. Finance Plus, Inc., acquired these three instruments from the FDIC and ... was at the time of final judgment and is now the holder of same.

[Conclusion] 1. The foreclosure of intangible collateral with respect to the Milliorn Note 1 by Finance Plus, Inc., *was not performed in a commercially reasonable manner*...and therefore Finance Plus, Inc. is not entitled to any deficiency remaining on the Milliorn Note 1.

[Conclusion] 5. "Election of Remedies" doctrine is inapplicable to the actions taken in collecting the Notes at issue by Finance Plus, Inc., and *judicial foreclosure is not a bar precluding Finance Plus, Inc.'s other remedies.*

[Conclusion] 6. Plaintiff is entitled to recover of and from Defendant, Tommy E. Milliorn, Seventy–Nine Thousand Five Hundred Twenty–Four and 11/100 ($79,-524.11) ... due on Milliorn Note 2.

[Conclusion] 12. Plaintiff, FINANCE PLUS, Inc. is entitled to recover from Defendants ... attorneys fees in the sum of Twenty Thousand Dollars and 00/100 ($20,000.00) for services rendered through the trial of this case. (Emphasis added)

### Points of Error

Appellant Milliorn presents two points of error, arguing that the trial court erred in granting judgment on one of the two notes after finding that the foreclosure sale was not conducted in a commercially reasonable manner. Appellee Finance Plus presents two cross-points, arguing that the trial court erred in denying it a deficiency judgment on the balance due on the $320,000.00 note. We overrule the points of error, and we also overrule the cross-points.

### The Milliorn Appeal

■ Milliorn argues in his two points of error that the trial court erred in rendering the deficiency judgment "on one of two notes cross-collateralized by the same collateral ... where the Notice of Foreclosure did not specify which, if not both, of the two notes was being enforced." Both of these points of

error are overruled. The Notice of Foreclosure did specifically identify the $320,000.00 note; it did not refer to the $38,000.00 note.

We also note that the "Collateral Assignment of Real Estate Lien Note" which Milliorn executed on April 24, 1986, specifically described the $320,000.00 note which he executed on that date, and it also referred to a series of outstanding notes which Milliorn owed to First State Bank, Abilene, which were described on an exhibit which was attached to the Collateral Assignment. The $38,000.00 note was not listed on that exhibit because it was not made until December 29, 1988.

The $38,000.00 note was one of the 26 notes described in the "Formal Notice" of acceleration which was sent to Milliorn by Finance Plus on September 15, 1993; however, it was not listed in the "Notice of Public Sale" which was sent to Milliorn on March 4, 1994. That notice referred only to the notes described in the 1986 "Collateral Assignment." The $38,000.00 note was made in 1988; consequently, it was not described in the 1986 assignment. Testimony by Barbara Jean Goodell and Kenneth Rice also supports the trial court's findings that the nonjudicial foreclosure on March 18, 1994, was on the $320,000.00 note and that Finance Plus did not foreclose on the $38,000.00 note. Consequently, the case upon which Milliorn relies is not applicable. See and compare *Gray v. Federal Deposit Insurance Corporation,* 841 S.W.2d 72, 87 (Tex.App.—Houston [1st Dist.] 1992), *remanded for settlement,* 848 S.W.2d 85 (Tex.1993). The Court of Appeals held in *Gray,* where there was a nonjudicial foreclosure which was defective under TEX. BUS. & COM. CODE ANN. § 9.504 (Vernon 1991), that:

[A] creditor who undertakes to give notice of intent to sell common collateral to enforce only one or some of a greater number of cross-collateralized loans bears the burden of communicating the fact that the sale is for enforcement of fewer than all of those loans and of identifying with sufficient particularity the specific loans being enforced. We further hold that, upon its failure to bear that burden, such a creditor

is to be barred from bringing suit for any deficiency on any loan which the debtor could, in light of the defective section 9.504 notice, reasonably have believed was to be enforced by means of that sale. That bar would, absent some evidence in the record to warrant a different conclusion, typically encompass *all loans between the same parties that are secured in whole or in part by any of the collateral sold.* (Emphasis added)

The evidence shows that the $38,000.00 note was not secured by the same collateral which was foreclosed in connection with the $320,000.00 note. The evidence also shows that the $38,000.00 note was not listed on the Notice of Public Sale. Consequently, the trial court did not err in rendering a deficiency judgment for the balance due on the $38,000.00 note. The evidence supports the trial court's conclusion that only the $320,000.00 note was enforced by means of the nonjudicial foreclosure.

The Dallas Court of Appeals discussed a similar situation in *Knights of Columbus Credit Union v. Stock,* 814 S.W.2d 427, 431 (Tex.App.—Dallas 1991, writ denied), holding:

> The notice letter itself is dispositive on what deficiency is affected by the insufficient notice.... The fact that the collateral secured repayment of all three loan advances did not change the fact that the insufficient notice letter dealt only with one of the loans. Cross-collateralization does not magically transform three separate loans into one loan.

\* \* \*

Our holding penalizes the creditor in accordance with *Tanenbaum* [*v. Economics Laboratory, Inc.,* 628 S.W.2d 769, 771 (Tex. 1982) ]for failing [to comply with Section 9.504] on the one loan and one item of collateral. It does not reward the defaulting debtor by providing a windfall avoidance of personal liability on all loans owed to the creditor.

*The Cross–Points*

■ Finance Plus argues in its first cross-point that the trial court erred in denying its recovery of the deficiency on the $320,000.00 note because there was "no evidence, or in the alternative insufficient evidence," that the sale was not performed in a commercially reasonable manner. This point is overruled. There is evidence that the notices were not posted as required by the terms of the lien agreement, and the trial court's findings are not "against the great weight" of the evidence under the well-known tests stated by *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

During the first day of trial, April 26, 1995, the President of Finance Plus testified that the Notice of Public Sale had been posted by Charles Cave Alderman, a local realtor. During the second day of trial, several days later on May 11, 1995, Alderman testified that he did not post that notice because he was "out of the real estate business" at that time. There was also testimony by Milliorn and his attorney that they had "checked at various times" and that they never found the Notice of Public Sale posted at the Taylor County Courthouse. The security for the $320,000.00 note was foreclosed and sold to Finance Plus for $5,000.00. This evidence is legally and factually sufficient to support the trial court's finding that the nonjudicial foreclosure "was not performed in a commercially reasonable manner." *In re King's Estate, supra.*

■ Finance Plus argues in its second cross-point that the trial court erred in denying its recovery on the $320,000.00 note in light of Conclusion of Law No. 5 that:

> "Election of Remedies" doctrine is inapplicable to the actions taken in collecting the Notes at issue by Finance Plus, Inc., and judicial foreclosure (sic) is not a bar precluding Finance Plus, Inc.'s other remedies.

This cross-point is overruled. The trial court's Conclusion of Law No. 1 bars recovery on the $320,000.00 note. See *Tanenbaum v. Economics Laboratory, Inc.,* 628 S.W.2d 769, 771 (Tex.1982), where the Supreme Court held that a creditor is entitled

to sue for a deficiency judgment after a nonjudicial foreclosure if, but only if, the disposition of the collateral was "commercially reasonable." In the case before us, the trial court found that the foreclosure of the collateral securing the $320,000.00 note was "not performed in a commercially reasonable manner."

The judgment of the trial court is affirmed.