NO. 07-10-0012-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 24, 2011

_____


HOME FURNISHINGS, INC., GEORGE C. BURNETT, JR.,
AND MARIE E. BURNETT, APPELLANTS

V.

JPMORGAN CHASE BANK, NA, APPELLEE

_____

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY;

NO. 96-229807-08; HONORABLE JEFF WALKER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.


**DISSENTING OPINION**


The memorandum opinions authored by Justices Campbell and Hancock reach

the same final result (affirm), but for different reasons. While I agree with large portions

of both opinions, because I disagree with the final result, I respectfully dissent.

As stated in both memorandum opinions, this is a suit on a promissory note by a lender against guarantors for a deficiency judgment. In that regard, it is undisputed that Home Furnishings Group, Inc., a non-party, executed and delivered to JPMorgan Chase Bank NA ("Chase"), a promissory note, in the original principal sum of $522,000; which note was both guaranteed by Home Furnishings, Inc., George C. Burnett, Jr. and Marie E. Burnett (Appellants herein; collectively "guarantors"), and collateralized by assets and inventory located at Home Furnishings Group, Inc.'s store in Southlake, Texas. It is also undisputed that Home Furnishings Group, Inc. defaulted on the note and that Chase then seized the collateral, foreclosed its security interest, and made a demand for payment upon the guarantors for the alleged deficiency. Against those undisputed facts, what is at issue here is whether Chase met its summary judgment burden of proof in its suit against the guarantors for the deficiency. The guarantors contend the trial court erred in granting Chase summary judgment because a material issue of fact exists as to the *amount* due and owing. Specifically, guarantors contend, via an affidavit from George C. Burnett, that Chase has not accounted for or otherwise allowed credit for certain items of collateral seized by Chase pursuant to its security agreement; whereas, Chase contends that all credits have been given.

Justice Hancock's opinion takes the position that Burnett's affidavit does not raise a material issue of fact as to the disputed credits because there is a perceived temporal gap between the inventory date relied upon by Burnett in his affidavit and the date the collateral was seized. In this regard, I agree with Justice Campbell's opinion in its finding that Burnett's affidavit should be read as saying the inventory list appended

2

thereto was the inventory on hand as of the end of the last day the store was open for business. Although Burnett's affidavit does not definitively state that the inventory listed was the collateral seized by Chase, it does state that "no inventory was sold . . . removed, relocated, or otherwise disposed of after that date." It further states that "the items listed on Exhibit C of Defendants' Response to Plaintiff's Third Amended Motion for Summary Judgment represent a list of inventory that was in the store at the end of the last day of business, "*but which was not sold at the foreclosure sales and cannot be accounted for.*" (Emphasis added.) A reasonable deduction from that statement is that the guarantors contend Chase seized assets for which the guarantors received no credit. While Chase's summary judgment evidence does state that credits were allowed for the net proceeds from four separate liquidation sales and a settlement with an alleged consignor, it does not aver that Chase has allowed credit for *all* of the collateral seized. Therein lies the rub.

The opinions of both Justices Campbell and Hancock take the position that the guarantors contractually waived their defense of "impairment or loss of collateral." Apparently they take this position because, at the time the trial court considered Chase's motion for summary judgment, the guarantors' live pleading consisted of nothing more than a general denial and an allegation that Chase's "disposition of the collateral, including the method, manner, time, and place of said disposition was not commercially reasonable." A general denial places in issue the *amount* allegedly due and owing on a promissory note and a plaintiff seeking recovery upon a note has the burden of proving the amount of the balance due. *Fikes and Associates v. Evans,* 610

3

S.W.2d 245 (Tex.Civ.App.--Fort Worth 1980, no writ). Whether or not the guarantors have plead either an affirmative defense or assert a counterclaim regarding the collateral allegedly retained, to establish its entitlement to judgment as a matter of law, Chase had the burden of proving every essential element of its claim, *MMP, Ltd. v. Jones*, 710 S.W.2d 59 (Tex. 1986), including the amount due and owing.

Justice Campbell's opinion concludes that because the guaranty agreements waive certain defenses there is no material issue of fact which precludes summary judgment.[1] He argues that the applicable waiver listed is the waiver of claims based upon an allegation that Chase "did not dispose of any collateral." While I will agree Chase was under no obligation to pursue its right to foreclose the security interest it held in the collateral at issue before it sought to enforce the guaranty agreements, *Christian v. Univ. Fed. Sav. Ass'n,* 792 S.W.2d 533, 555 (Tex.App.--Houston [1st Dist.] 1990, no writ), having chosen to do so, it must account for the collateral seized. *Tanenbaum v. Economics Laboratory, Inc.* 628 S.W. 2d 769, 771-72 (Tex. 1982) (holding that a note holder is not entitled to a deficiency judgment unless collateral seized has been disposed of in a commercially reasonable manner).[2]

Because a material issue of fact exists as to the guarantors' right to additional credits, Chase has not met its burden of conclusively proving the amount of its

---

[1]*See* Justice Campbell's opinion regarding waiver of the "defense that the collateral was neglected or lost, and defenses that Chase impaired the collateral, did not dispose of any of the collateral or failed to obtain a fair market value for the collateral." *See also* Justice Hancock's opinion regarding *Rights, Notices, and Defenses that Guarantor Waives* and *Duties as to Collateral.*

[2]Although neither the guarantors nor Chase have briefed the matter, issues pertaining to the seizure of collateral, its foreclosure, and entitlement to credit for net proceeds from a commercially reasonable sale thereof are governed by Chapter 9 of the Texas Uniform Commercial Code. *See* Tex. Bus. & Com. Code Ann. §§ 9.101 - 9.709 (West 2011)

damages.  Therefore, I believe the trial court erred in granting summary judgment in favor of Chase.  Tex. R. Civ. P. 166a(c).   Accordingly, I would reverse and remand for further proceedings.


Patrick A. Pirtle
Justice

5