**Mark MOLYNEAUX, Appellant,**

v.

**MBANK CORPUS CHRISTI, N.A., f/k/a Corpus Christi National Bank, Appellee.**

No. 13–88–313–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1989.

Ryan E. Stevens, Corpus Christi, for appellant.

Rodney Handel, James F. Buchanan, Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

Appellant, Mark Molyneaux, appeals from an adverse summary judgment. The record reveals that appellee, hereinafter referred to as "MBank," brought a deficiency suit against appellant for the unpaid balance owed on three notes. MBank moved for summary judgment, which was granted by the trial court. Appellant asserts three points of error for review. We reverse the judgment of the trial court and remand for a new trial.

The record reveals that on December 4, 1984, February 7, 1985, and April 2, 1985, appellant executed three separate consumer installment loan notes. Each note was executed for the purpose of purchasing collateral, which was pledged as security for payment of each note. Appellant subsequently defaulted on the note by failing to pay the monthly installments. MBank repossessed the collateral that secured each note, sold the collateral at a private sale, and brought suit against appellant for the deficiency. Appellee, by his answer, generally denied MBank's allegations.

On October 31, 1986, MBank filed a motion for summary judgment asserting that it was entitled to the deficiency as a matter of law. MBank attached to its motion the three notes and an affidavit by Ava Milchman, Vice–President of MBank. In her affidavit, Milchman attested that appellant failed to make due and punctual payments under the notes, and that after applying all payments and other credits, appellant owed MBank a total of $12,470.22 plus interest. It is important to note that neither MBank's pleadings nor its proof allege that MBank notified appellant of the sale or that MBank conducted the sale in a commercially reasonable manner.

The trial court set the hearing on MBank's motion for March 25, 1988. On March 18, 1988, seven days prior to the hearing, appellant filed his response to the motion alleging that MBank's summary judgment evidence failed to prove that MBank had given the requisite notice of the sale and that the sale was conducted in a commercially reasonable fashion. The trial court granted MBank's motion for summary judgment and awarded MBank $14,077.02 plus attorney's fees and interest.

On appeal, appellant does not challenge the amount of damages awarded but asserts that the trial court erred in granting summary judgment when MBank failed to establish that it was entitled to judgment as a matter of law. Specifically, appellant complains of MBank's failure to allege or prove notice of the sale and commercial reasonableness.

 In reviewing a summary judgment, we will follow the well-established rules set out in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). It is the movant's burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. The reviewing court, in determining whether a fact issue exists, must take all evidence favorable to the non-movant as true. Every reasonable inference must be indulged, and every doubt resolved, in favor of the non-movant. *Nixon*, 690 S.W.2d at 548–49.

 Initially, MBank argues that we should not consider appellant's response to the motion for summary judgment since it was not timely filed. We find that MBank's argument is without merit. Tex. R.Civ.P. 166a(c) provides that except on leave of court, the adverse party may file and serve opposing affidavits or other written response *"not later than* seven days prior to the day of hearing." As pointed out above, appellant timely filed his response to the motion seven days prior to the hearing.

 Next, MBank argues that it did not have the burden to prove notice of the sale of the collateral and commercial reasonableness. MBank, citing *McCollum v. Parkdale State Bank*, 566 S.W.2d 670, 674–74 (Tex.Civ.App.—Corpus Christi 1978, no writ), asserts that "lack of notice" and

"commercial unreasonableness" are affirmative defenses which must be pled and proved by the debtor.[1]. We disagree.

■ It is well-settled that a secured creditor must first comply with the provisions of Section 9.504 of the Texas Uniform Commercial Code (UCC) before he is able to sue for a deficiency after disposition of collateral. *See Tanenbaum v. Economics Laboratory, Inc.*, 628 S.W.2d 769, 772 (Tex. 1982).

Section 9.504 of the UCC requires that the secured party give notice of the sale to the debtor, and it requires disposition of collateral in a commercially reasonable manner. Tex.Bus. & Com.Code Ann. § 9.504 (Vernon Supp.1989). Accordingly, it had been held that notice of sale and commercial reasonableness of the sale are elements of the bank's cause of action. *Daniell v. Citizens Bank*, 754 S.W.2d 407, 409 (Tex.App.—Corpus Christi 1988, no writ); *Whirlybirds Leasing v. Aerospatiale Helicopter Corp.*, 749 S.W.2d 915, 919 (Tex.App.—Dallas 1988, no writ); *Federal Deposit Insurance Corporation v. Attayi*, 745 S.W.2d 939, 948 (Tex.App.—Houston [1st Dist.] 1988, no writ).

Likewise, this Court specifically disregarded *McCollum v. Parkdale State Bank* when we held that in order to recover on a summary judgment, a secured creditor must establish notice of sale and commercial reasonableness as a matter of law. *Daniell*, 754 S.W.2d at 408. Since, in the instant case, MBank wholly failed to produce evidence of notice of the sale and commercial reasonableness, it did not establish its entitlement to judgment as a matter of law. Likewise, appellant's failure to specifically plead MBank's omission of notification and disposition in a commercially reasonable manner cannot supply the summary judgment proof necessary to establish MBank's entitlement to judgment. *Whirlybirds Leasing*, 749 S.W.2d at 919.

Accordingly, we sustain appellant's three points of error. The judgment of the trial court is reversed and the cause is remanded for a new trial.

---

**1.** In *McCollum v. Parkdale State Bank*, 566 S.W.2d 670, 674 (Tex.Civ.App.—Corpus Christi 1978, no writ), this Court held that commercial reasonableness was an affirmative defense which needed to be supported by summary judgment proof.