**Don STACY dba General Products, Inc. and Don Stacy Interests, Inc. dba General Products Co., Appellants,**

v.

**ENERGY MANAGEMENT GROUP LTD., INC., Appellee.**

No. 01–86–0711–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 2, 1987.

Herbert Gee, Bellaire, for appellants.

Alvin A. Horne, Houston, for appellee.

Before DUNN, JACK SMITH and SAM BASS, JJ.

DUNN, Justice.

This is an appeal from a summary judgment awarding the appellee recovery on a promissory note. The appellee was awarded $10,080 in principal and interest and $3,500 in attorney's fees.

In two points of error, the appellant contends (1) that the trial court erred in granting summary judgment because there was insufficient evidence to support the summary judgment and (2) that the court erred in granting judgment against Don Stacy in his personal capacity.

Rule 166–A of the Texas Rules of Civil Procedure provides that upon a motion for summary judgment, the adverse party may file and serve opposing affidavits, or other written response, not later than seven days before the day of hearing. The rule further specifies that issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. *Id.* The rule thus requires a written

answer or response to the motion for summary judgment as a prerequisite to asserting specific fact issues on appeal. *City of Houston v. Clear Creek Basin Author.*, 589 S.W.2d 671, 675–79 (Tex.1979); *Bennett v. State Nat'l Bank*, 623 S.W.2d 719, 721 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). The burden is still on the movant to show that it is entitled to summary judgment on its cause of action, but both the reasons for the summary judgment and the specific objections to it must be in writing and before the trial judge at the time the court considers the motion. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d at 677–78. The nonmovant may not assert fact issues or affirmative defenses on appeal that were not presented to the trial court in a written response to the motion. *Id.*

The appellant did not timely file an answer to the motion for summary judgment. Although the record contains a late-filed response, the judgment states that no timely response was filed. Therefore, the record shows that the court refused to consider such response. It is entirely within the trial court's discretion whether to allow the late filing of opposing proof or to consider a late-filed response. *Nava v. Steubing*, 700 S.W.2d 668, 670 (Tex.App.—San Antonio 1985, no writ). Unless the record shows the contrary, we will presume that the trial court did not consider a late-filed response. *INA of Texas v. Bryant*, 686 S.W.2d 614, 615 (Tex.1985); *Nava v. Steubing*, 700 S.W.2d at 670. We therefore will examine only whether a fact issue was apparent from the proof presented in the motion for summary judgment itself.

In his second point of error, appellant asserts a fact issue on Don Stacy's liability in his personal capacity. The motion for summary judgment presented and discussed evidence of Stacy's liability in his individual capacity. On the face of the promissory note, appellant Don Stacy signed his name on the signature line that read "General Products, Inc." He signed his name to the licensing agreement with the appellee on a line marked "Licensee." The licensee named in the body of the agreement was "General Products, Inc."

But according to an affidavit of the Secretary of State, "General Products, Inc." was not a corporation authorized to do business in Texas at the time the note was signed. In response to requests for admissions, appellant stated that Don Stacy signed the promissory note and license agreement as an officer of Don Stacy Interests, Inc., doing business as "General Products Company." However, this conflicting assertion of capacity is not sufficient to raise a fact issue, because it is settled law that a non-moving party may not use his own answers to the moving party's interrogatories as proof of the existence of a genuine issue of material fact. *Walker v. Horine*, 695 S.W.2d 572, 575 (Tex.App.—Corpus Christi 1985, no writ); *Griffith v. Pecan Plantation Owners Assoc.*, 667 S.W.2d 626, 627–28 (Tex.App.—Fort Worth 1984, no writ).

An agent who executes a contract on behalf of a corporation, but who fails to disclose his principal, is personally liable on the contract. *See Dodds v. Charles Jourdan Boutique, Inc.*, 648 S.W.2d 763, 766 (Tex.App.—Corpus Christi 1983, no writ); *Casey v. Sanborn's Inc.*, 478 S.W.2d 234, 239 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ); *Lachmann v. Houston Chronicle Publishing Co.*, 375 S.W.2d 783 (Tex.Civ.App.—Austin 1964, writ ref'd n.r.e.). Further, an agent who executes a contract on behalf of a fictitious principal is also personally liable on the contract for failure to accurately disclose his principal. *See A to Z Rental Center v. Burris*, 714 S.W.2d 433 (Tex.App.—Austin 1986, writ ref'd n.r.e.); *Carter v. Walton*, 469 S.W.2d 462 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.).

Appellant presented no controverting evidence sufficient to raise a fact issue on Don Stacy's individual liability. The second point of error is overruled.

In his first point of error, the appellant asserts that there was insufficient evidence to support the summary judgment, because there was a total failure of consideration, and the note was given without value. Again, a fact issue of sufficiency of the consideration was not presented to the trial court in response to the motion for summary judgment and was thus waived. *See Cottrell v. Carrillon Assoc., Ltd.*, 646

S.W.2d 491, 493 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.).

In reviewing a summary judgment, we are mindful of the fact that the burden was on the movant to present evidence entitling it to the summary judgment, and that even absent a timely response, the nonmovant may generally attack the sufficiency of that proof on appeal. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671. A review of the record in this case reveals that sufficient evidence was presented to support the trial court's judgment. The record contains evidence that: appellant Don Stacy executed the promissory note owned and held by appellee; the note was due and not paid; the note shows Don Stacy's signature as agent for General Products, Inc.; General Products, Inc. was not a corporation authorized to do business in Texas as of the date the note was signed; Don Stacy admitted that he signed the note as an officer of Don Stacy Interests, Inc., doing business as General Products Company; Don Stacy admitted that the consideration for the note consisted of a license and right to market a patented product; and appellee made demand of appellants for payment. The first point of error is overruled.

The judgment of the trial court is affirmed.