Taylor **DANIELL** and **NIA Financial,** Appellants,

v.

**CITIZENS BANK,** Appellee.

No. 13–87–238–CV.

Court of Appeals of Texas, Corpus Christi.

June 30, 1988.

William T. Green, III, Green, Downey, Patterson & Schultz, Houston, for appellants.

James T. McMillen, McMillen & Shephard, Corpus Christi, for appellee.

Before SEERDEN, UTTER and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

The trial court granted a partial summary judgment, favoring Citizens Bank, a cross-plaintiff, on all of its issues except attorney's fees in a suit over an insurance merger and an unpaid bank note. We reverse and remand.

By his original petition, Taylor Daniell sued NIA Financial Corporation (NIA), Sheldon Harrison, Lee M. Gallagher, Sherman Shivers, and Citizens Bank. He alleged fraud and misrepresentation in inducing him to merge his insurance agency with NIA and to personally guarantee a note with the bank. The bank filed a general denial and sued NIA, Daniell, and Gallagher on NIA's note in the original principal sum of $143,000, asking foreclosure of the collateral. Daniell and Gallagher each answered with general denials.

The bank moved for summary judgment on January 27, 1987, on its foreclosure issues, and the petition notices a hearing on the summary judgment on March 6, 1987. The bank's summary judgment evidence, submitted with the petition, is the attorney's affidavit on attorney's fees, the affidavit of the bank president describing the note and guaranty agreements, with the amount due.

On February 27, 1987, appellants amended their answer to add the affirmative defenses that the bank did not make a commercially reasonable disposition of the collateral.

On February 27, 1987, appellants also filed a response to the bank's motion for summary judgment, along with the affidavit of attorney William T. Green, III. The affidavit stated that the $23,189.43 claimed in attorney's fees was not reasonable, but that a reasonable fee would be no more than $1,500.00. He also attached as an exhibit a letter from the bank's counsel dated February 4, 1987, noticing the sale of the collateral in 15 days, and swore that he had received no information on the amount realized on disposition of the collateral.

In the response, appellants argue that the note and guaranty were for "NIA Financial," not "NIA Financial Corp.," and a guaranty is to be strictly construed; that the collateral was being sold and any amount due the bank could not be determined until the proceeds were applied to the amount due; the creditor must comply with Tex.Bus. & Com.Code Ann. § 9.504 (Vernon 1987), which requires disposition of collateral in a commercially reasonable manner, and commercial reasonableness is a fact question; and that a presumption that the proceeds equal the deficiency arises when there is no proof of commercially reasonable disposition; and that attorney's fees were not reasonable.

On March 4, 1987, appellee filed a supplemental affidavit of the bank president, stating that the collateral had been sold in a commercially reasonable manner, and applied the proceeds to the debt.

The hearing was on March 6, 1987. On March 16, 1987, the trial court signed a partial summary judgment, and on April 3, 1987, it signed an order severing the causes involving the bank, awarding $8,000 in attorneys' fees, and finalizing the judgment.

Appellants, by a sole point of error, contest the partial summary judgment on the grounds raised in their response and because the bank furnished some of its evidence less than 21 days before the hearing date and thus allegedly deprived appellants of adequate time to respond. Appellants allege that they received some of appellee's summary judgment proof, the supplemental affidavit, the day before the hearing, and point out that appellants would have to obtain leave of the trial court to file any responsive affidavit.

The record reflects that the trial court's partial summary judgment states "upon the oral Motion of Citizens Bank be allowed to supplement its affidavits herein and in fact the entire record herein; from all of which it appears in the Court that Citizens Bank be allowed to supplement it affidavits."

■ Under Tex.R.Civ.P. 166–a(c), whether to accept or to consider late filings is within the trial court's discretion. *Stacy v. Energy Management Group, Ltd., Inc.,* 734 S.W.2d 149, 150 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Keener v. Hall & Northway Advertising, Inc.,* 727 S.W.2d 704, 705 (Tex.App.—Dallas 1987, no writ); *Rhodes v. City of Austin,* 584 S.W.2d 917, 921–22 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.).

The test for abuse of discretion is whether the court acted without reference to any guiding principles or whether it acted arbitrarily or unreasonably. *Yowell v. Piper Aircraft Corp.,* 703 S.W.2d 630, 634–35 (Tex.1986).

■ The appellate court does not substitute its judgment for that of the trial court. *Piper Aircraft,* 703 S.W.2d at 635.

Before the appellate court reverses a discretionary ruling, the record must clearly show that the trial court disregarded the rights of a party. *Piper Aircraft,* 703 S.W.2d at 635.

■ A court may grant leave to file supplemental affidavits within the 21 days before the hearing. *Lindeburg v. Gulfway National Bank,* 624 S.W.2d 278, 281 (Tex. App.—Corpus Christi 1981, writ ref'd n.r. e.). The record does not reflect any motion to strike appellees' late-filed material or any motion for continuance to obtain rebuttal evidence. Absent a showing that appellants apprised the trial court of the complaints they now urge, they are waived. In the absence of a specific complaint, we see no abuse of discretion in the trial court's simply considering all of the filings.

However, to obtain a summary judgment, a movant must establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *First Federal Savings & Loan Association v. Ritenour,* 704 S.W.2d 895, 901 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against him or her. *MMP, Ltd.,* 710 S.W.2d at 60; *Ortiz v. Spann,* 671 S.W.2d 909, 911 (Tex.App.— Corpus Christi 1984, writ ref'd n.r.e.). Once the movant has established a right to a summary judgment, the burden shifts to the nonmovant.

■ There exists some conflict in the authorities on which party bears the burden of proving commercial reasonableness. We believe the better reasoned cases place the burden of proving notice of sale and commercially reasonable disposition of collateral on the secured party. *Hall v. Crocker Equipment Leasing, Inc.,* 737 S.W.2d 1, 3 (Tex.App.—Houston [14th Dist] 1987, writ denied); *Carroll v. General Electric Credit Corp.,* 734 S.W.2d 153, 154 (Tex.App.—Houston [1st Dist] 1987, no

writ); *Sunjet, Inc. v. Ford Motor Credit Co.*, 703 S.W.2d 285, 287 (Tex.App.—Dallas 1985, no writ); *contra Pruske v. National Bank of Commerce*, 533 S.W.2d 931, 935 (Tex.Civ.App.—San Antonio 1976, no writ). In *McCollum v. Parkdale State Bank*, 566 S.W.2d 670, 674 (Tex.Civ.App.—Corpus Christi, no writ), this Court said that commercial reasonableness was an affirmative defense which needed to be supported by summary judgment proof. To the extent that language conflicts with this opinion, that language should be disregarded.

It was incumbent upon the bank to establish commercial reasonableness as a matter of law in order to recover on its summary judgment. Appellee's proof concerning commercial reasonableness is the affidavit of John Wright, president of Citizens Bank. He swears that the collateral was sold in a commercially reasonable manner. He said that Citizens Bank solicited offers from several buyers and sold the property for $17,500.00 at a private sale. He swore that the sum was the highest and best offer received.

Whether collateral has been sold in a commercially reasonable manner is generally a question of fact. *Achimon v. J.I. Case Credit Corp.*, 715 S.W.2d 73 (Tex. App.—Dallas 1986, writ ref'd n.r.e.); *Food City, Inc. v. Fleming Co.*, 590 S.W.2d 754, 759 (Tex.Civ.App.—San Antonio 1979, no writ). Tex.Bus. & Com.Code Ann. § 9.504 states that the disposition of the collateral must be reasonable in every respect of the disposition including the method, manner, time, place, and terms. The Wright affidavit gives no indication of where or under what conditions the sale took place. It does not indicate when the sale took place. The affidavit states only that it took place after February 19, 1987. Summary judgment is only proper when it appears only a question of law is involved. Here, while Wright's affidavit is certainly some evidence that the collateral was sold in a commercially reasonable manner, the affidavit does not establish commercial reasonableness as a matter of law. We hold that appellee failed to meet its burden of proof. Appellant's point of error is sustained.

The judgment of the trial court is REVERSED and REMANDED.