GORDON & ASSOCIATES, INC., et al., Appellants,

v.

CULLEN BANK/CITYWEST, N.A., Appellee.

No. 13–89–486–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 6, 1990.

Rehearing Overruled Jan. 24, 1991.

Arno Schwamkrug, Houston, for appellants.

Terry D. Key, Michael E. Hearn, Jones, Galligan, Key & Pena, Weslaco, for appellee.

Dennis E. Hendrix, Edinburg, for movant.

Before NYE, C.J., and SEERDEN and KEYS, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment. Cullen Bank City/West, N.A. sued Gordon & Associates, Inc. and Gordon M. Swoboda to collect on two promissory notes. The trial court granted summary judgment favorable to the Bank. Appellants' primary complaint is that the trial court erred in granting a deficiency judgment. We reverse and remand the case for trial.

On August 4, 1986, Gordon & Associates executed two security agreements granting a security interest in its equipment, accounts and general intangibles to Cullen Bank. On this same date, Gordon Swoboda executed a guaranty agreement guarantying the payment of Gordon & Associates' indebtedness to Cullen Bank. Gordon & Associates executed two promissory notes, one for $245,000.00, and the other for $100,672.81, naming Cullen Bank as payee. The notes became delinquent, whereupon Cullen Bank sued appellants to recover on the notes. After appellants filed a general denial, Cullen Bank moved for summary judgment.

The summary judgment motion alleges that Gordon & Associates executed and delivered the two promissory notes to Cullen Bank; that Gordon & Associates executed two security agreements securing any indebtedness owed to Cullen Bank; that Gordon Swoboda executed and delivered a guaranty agreement to Cullen Bank; that as of June 19, 1989, there was due and owing $372,622.66 in principal and accrued interest; that Cullen Bank demanded payment; that appellants have failed and refused and still fail and refuse to pay the amount due; that Cullen Bank is the owner and holder of the notes; that Cullen Bank has incurred $40,000.00 in attorneys fees; that these notes are in Cullen Bank's possession; and that Cullen Bank is entitled to have the security interest foreclosed and have a foreclosure sale.

Cullen Bank's summary judgment evidence consists of the two notes, the security agreements, financing statements, guaranty agreement, demand letters and the affidavits of Pete Mitchell and Terry Key. The two notes indicate an interest rate of one-and-one-half per cent per annum above prime and that they were past due.

Mitchell is Cullen Bank's senior vice-president. In his affidavit, he states that he has personal knowledge of the execution of the two notes, the security agreements and the guaranty agreement, that the notes are in default, that the total principal sum owed on June 19, 1989 was $372,622.66 plus interest, that Cullen Bank has demanded payment, that appellants have refused and still refuse to pay the amount

due, that Cullen Bank is the owner and holder of the two notes, that the two notes are in Cullen Bank's possession, and that "true and correct" copies of the notes, security agreements and guaranty agreement are attached. Additionally, he states that it was necessary for him to employ a law firm to collect on the notes.

Appellants' response alleges that Cullen Bank's summary judgment motion does not state specific grounds and evidence to support a summary judgment, that the pleadings and affidavits establish genuine issues of material fact, that Cullen Bank's evidence is controverted, and that Cullen Bank has not established that the collateral was sold in a commercially reasonable manner; therefore, Cullen Bank cannot recover a deficiency judgment.

Appellants' evidence consists of Gordon Swoboda's affidavit. He declares that "Plaintiff [Cullen Bank] has failed to properly dispose of the repossessed collateral, which it has seized in Houston, Harris County, Texas. Plaintiff has failed to properly account to me by crediting to my accounts the proceeds of any sales."

The trial court granted summary judgment for $388,047.72 principal and interest, plus $15,000.00 in attorneys fees. The trial court also ordered a sale of the collateral, and it ordered the proceeds credited to the satisfaction of the judgment.

In reviewing a summary judgment record, this court must determine whether a disputed material fact issue exists that would preclude a summary judgment. *Gonzalez v. Mission American Insurance Co.*, 795 S.W.2d 734 (Tex.1990); *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex. 1984). Every reasonable inference must be indulged in the non-movants' favor, and any doubts resolved in their favor. The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Tucker v. Atlantic Richfield*

*Co.*, 787 S.W.2d 555, 557 (Tex.App.—Corpus Christi 1990, writ denied).

■ By point two, appellants argue that the trial court erred in awarding Cullen Bank a deficiency judgment because the sale of the collateral was not conducted in a commercially reasonable manner. In order to recover a deficiency, a creditor must prove that he has met the requirements of § 9.504(c) of the Texas Business and Commerce Code, i.e., that he has disposed of the collateral in a commercially reasonable manner and only after giving proper notification to the debtor. *Tanenbaum v. Economics Laboratory, Inc.*, 628 S.W.2d 769, 771 (Tex.1982); *Molyneaux v. MBank Corpus Christi, N.A.*, 776 S.W.2d 744, 746 (Tex.App.—Corpus Christi 1989, no writ). A secured party seeking a deficiency judgment bears the burden of proving notice of sale and commercially reasonable disposition of the collateral. *Daniell v. Citizens Bank*, 754 S.W.2d 407, 409 (Tex.App.—Corpus Christi 1988, no writ). Whether collateral has been sold in a commercially reasonable manner is generally a question of fact. *Daniell*, 754 S.W.2d at 410. *Achimon v. J.I. Case Credit Corp.*, 715 S.W.2d 73, 76 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

Prior to granting the summary judgment, the trial court signed an "ORDER FOR SALE OF PROPERTY." This order states that equipment, which Cullen Bank previously repossessed or held under a writ of sequestration, "would depreciate or be wasted *if not sold prior to judgment.*" (emphasis supplied). The trial court allowed Cullen Bank to sell the equipment pursuant to the terms of the security agreements.

Cullen Bank argues that its suit does not seek a deficiency judgment, and that § 9.507(b) of the Texas Business and Commerce Code deems commercially reasonable any disposition of collateral which a trial court has approved. The instant case involves a suit on promissory notes whereby certain offsets must be made prior to judgment. Gordon Swoboda's affidavit states that Cullen Bank did not properly credit their accounts after it sold the collateral.

Cullen Bank does not establish, as a matter of law, the commercial reasonableness of the alleged sale of collateral. It was incumbent upon the Bank to establish commercial reasonableness as a matter of law in order to recover on its summary judgment. *See Daniell,* 754 S.W.2d at 410.

■ § 9.507(b) states, in pertinent part, that "[a] disposition which has been approved in any judicial proceeding ... shall conclusively be deemed to be commercially reasonable...." Here, the trial court allowed a "sale" of the collateral, but did not approve the "disposition". In other words, the trial court gave Cullen Bank permission to sell the collateral, but it did not later look at the sale to determine whether or not it was done in a commercially reasonable manner. Appellants' summary judgment evidence raises a fact issue in this regard. The true purpose of a summary judgment is to eliminate patently unmeritorious claims or untenable defenses, not to dispose of disputed claims. *Swilley v. Hughes,* 488 S.W.2d 64, 68 (Tex.1972); *Barrow v. Jack's Catfish Inn,* 641 S.W.2d 624, 625 (Tex.App.—Corpus Christi 1982, no writ).

Although Cullen Bank established its right to recover on the notes by proper summary judgment evidence, a fact issue remains because the Bank chose to have the court order the sale of the mortgaged property. The results from the sale have not been set out or allowed by the trial court. As such, the Bank failed to prove its entitlement to a proper deficiency judgment.[1]

The trial court's judgment is REVERSED and the cause is REMANDED for trial.

---

**1.** It is not necessary for us to consider appellants' first point of error. Tex.R.App.P. 90(a).