# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00521-CV

**Armando H. Trevino and Petra L. Trevino, Appellants**

**v.**

**Roy Damon Goss; Guaranty Abstract & Title Company of San Angelo, Texas, a Texas Corporation; and Lead Pipe Cinch Corp., a Texas Corporation, d/b/a Coldwell Banker Patterson Properties, Appellees**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT NO. C-99-0297-C-1, HONORABLE TOM GOSSETT, JUDGE PRESIDING**

This dispute concerns the appellants=legal interest in property they purchased from appellee

Roy Damon Goss and his two siblings.[1] Appellants Armando H. Trevino and Petra L. Trevino contend that

the district court erred in granting summary judgment against them and in favor of appellees Goss, Guaranty

Abstract & Title Company of San Angelo, and Lead Pipe Cinch Corp. d/b/a Coldwell Banker Patterson

Properties. Because summary judgment was proper as to Guaranty Abstract & Title and Lead Pipe, but

improper as to Goss, we affirm in part, and reverse and remand in part the district court=s judgment.

## BACKGROUND

Responding to an advertisement in the San Angelo Standard-Times, Petra Trevino called

Goss to inquire about purchasing property he had listed for sale. Goss briefly described the property,

suggested the Trevinos go out and look at it, and advised them to contact Lead Pipe, the family=s listing

broker. The Gosses owned two adjoining tracts of property, one slightly less than sixteen and one-half

acres, the other approximately ten acres. The Trevinos expressed interest only in the sixteen and one-half

acre tract. After visiting the property and speaking with Goss and the Lead Pipe broker, the Trevinos

learned that the only ingress and egress into the property was a thirty-foot strip of land on the southern

boundary of the property. The Trevinos decided to purchase the property and Guaranty Abstract & Title,

the escrow agent, conducted the closing at its office. The warranty deed delivered to the Trevinos on

---

[1] Roy Damon Goss, his brother (Sheryl Goss), and sister (Charlotte Goss) each owned a one-third interest in the real property at issue. The Trevinos initially sued all three siblings but later non-suited Charlotte Goss. The Trevinos= suit against Sheryl Goss is still pending because, after the district court granted appellees= summary judgment motions, it severed the Trevinos= cause of action against Sheryl so that the summary judgments would be final and appealable.

March 21, 1997 conveyed to them an easement across the thirty-foot strip of land.

On March 19, 1999, the Trevinos filed suit against the Gosses, Lead Pipe, and Guaranty Abstract & Title, seeking, among other relief, a reformation of their title to reflect a fee simple interest in the strip of land. Goss filed a traditional motion for summary judgment, attaching thereto his affidavit and excerpts of the Trevinos= deposition testimony. Lead Pipe and Guaranty Abstract & Title both filed no-evidence motions for summary judgment. The district court granted all three motions and then severed the cause, thereby making its summary judgment final and appealable. Based on that judgment, the Trevinos bring this appeal.

## DISCUSSION

In seven points of error, the Trevinos challenge the propriety of the district court=s granting of summary judgment in favor of Goss, Lead Pipe, and Guaranty Abstract & Title. In their first point of error, the Trevinos contend that the district court erred in granting Goss=s motion for summary judgment because Goss=s proof was contradictory and created genuine issues of material fact. The standard for reviewing a traditional motion for summary judgment is well established: (1) the movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). When a defendant seeks to obtain summary judgment based on a plaintiff=s inability to prove its case, the defendant must conclusively disprove at least one element of each of the plaintiff=s causes of action. *See Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991).

Goss=s motion for summary judgment states, in pertinent part:

A. This motion is based upon Plaintiffs=own testimony that ROY DAMON GOSS was not present at the closing of the sale, at the negotiations, nor at any meeting with the Plaintiffs or their representatives. Additionally, the Plaintiffs have never even spoken, written or had any discussions with ROY DAMON GOSS. . . .

B. There is no issue of fact as to these matters. Without any communication, there can be no misrepresentation.

In support of his motion, Goss attached his affidavit and excerpts from the Trevinos=deposition testimony.

4

In evaluating Goss=s evidence, we are mindful of Texas Rule of Civil Procedure 166a(c), which provides, in pertinent part:

> A summary judgment may be based on uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

5

Tex. R. Civ. P. 166a(c).  Regardless of the type of summary proof produced, Athe movant . . . must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law.@ *Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).  These requirements make clear that, not only must Goss=s evidence be free from internal inconsistencies, his proof must support the grounds asserted in his summary judgment motion.  *Cf. Mariner Fin. Group, Inc. v. Bossley*, No. 00-0325, slip op. at 4, 2002 Tex. LEXIS 82, at *6 (Tex. June 13, 2002) (noting that, because it did not file a no-evidence summary judgment motion, Mariner had to establish its entitlement to judgment as a matter of law); *Lee v. Lee*, 43 S.W.3d 636, 641 (Tex. App.CFort Worth 2001, no pet.) (holding affidavits not meeting strict requirements of rule 166a(c) do not constitute summary judgment evidence).  Goss=s summary judgment proof shows that:  Petra Trevino called Goss before speaking with anyone from Lead Pipe; and Goss briefly described the property to her and explained that the thirty-foot strip of land on the southern boundary of the property would be the Trevinos= means of accessing the property.  Because Goss=s summary judgment proof contradicts his only basis for summary judgment, *i.e.*, that he never communicated with the Trevinos, he has not demonstrated his entitlement to summary judgment.  *See Bossley*, 2002 Tex. LEXIS 82, at *6.  Accordingly, we sustain the Trevinos= first point of error and hold that the district court erred in granting summary judgment in favor of Goss.

In their second, third, and seventh points of error, the Trevinos challenge the district court=s granting of a no-evidence summary judgment in favor of Lead Pipe and Guaranty Abstract & Title.  Unlike a traditional summary judgment movant, a no-evidence summary judgment movant does not bear the burden

6

of establishing a right to judgment by proving each claim or defense.  *See Holmstrom v. Lee*, 26 S.W.3d

526, 530 (Tex. App.CAustin 2000, no pet.).  Instead, a party seeking a no-evidence summary judgment

must assert that no evidence exists as to one or more of the essential elements of the non-movant=s claims

on which the non-movant would have the burden of proof at trial.  *McCombs v. Children=s Med. Ctr.*, 1

S.W.3d 256, 258 (Tex. App.CTexarkana 1999, pet. denied).  If the non-movant fails to produce more

than a scintilla of probative evidence raising a genuine issue of fact as to the contested element(s), summary

judgment is appropriate.  *See* Tex. R. Civ. P. 166a(i); *Holmstrom*, 26 S.W.3d at 530.  In contrast to the

*de novo* standard applied to traditional summary judgment motions, a no-evidence summary judgment is

essentially a directed verdict granted pretrial, to which we apply a legal sufficiency standard of review.  *See*

*Jackson v. Fiesta Mart*, 979 S.W.2d 68, 70 (Tex. App.CAustin 1998, no pet.).

Lead Pipe filed a motion for summary judgment asserting that appellants had Ano evidence

of one or more of the essential elements of a claim for fraud@ against Lead Pipe.  Guaranty Abstract &

Title=s motion asserted that appellants had no evidence to establish a breach of duty by Guaranty Abstract

& Title, and thus, the Trevinos could not prevail on their negligence claim.  Guaranty Abstract & Title further

alleged that the Trevinos had no evidence to support any of the elements of their Deceptive Trade Practices

Act or fraud claims.  By filing no-evidence motions for summary judgment, Lead Pipe and Guaranty

Abstract & Title placed the burden on the Trevinos to come forward with more than a scintilla of evidence

establishing a genuine issue of material fact on the challenged elements.  *See* Tex. R. Civ. P. 166a(i);

*Holmstrom*, 26 S.W.3d at 530.  The Trevinos, however, failed to meet this burden.[2]  In response to Lead

---

[2] At the summary judgment hearing, appellees=counsel advised the Trevinos=counsel of his burden

7

Pipe=s no-evidence motion, the Trevinos produced the affidavits of Isaac Castro, Armando Trevino, and Petra Trevino, and stated: ABased on these affidavits, there is no question that causes of action for negligence, fraud, and deceptive trade practices exists in this case against Defendant.@ The Trevinos failed, however, to reference a single page in the more than 200 pages of documents they attached to their response to the motions. The Trevinos filed a similar response to Guaranty Abstract & Title=s motion. In that response, they asserted, AAttached hereto and incorporated by reference, is an appendix containing affidavits, discovery, and documentary evidence, setting forth summary judgment proof of the existence of a material fact concerning each and every element under the Texas Deceptive Trade Practices Act.@ Again, they made no reference to any specific evidence.

---

to point to some evidence that raised a genuine issue of material fact. The Trevinos= counsel responded that, at the summary judgment hearing, he had no burden and that the documents attached to his summary judgment response satisfied his burden.

The requirements of rule 166a(i) are clear: AThe court must grant the [no-evidence] motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.@ Tex. R. Civ. P. 166a(i). To defeat a motion made under 166a(i), the non-movant is not required to marshal its proof; its response must, however, Apoint out@ evidence that raises a fact issue on the challenged elements. *Johnson v. Brewer & Pritchard, P.C.*, 45 Tex. Sup. J. 470, 2002 Tex. LEXIS 24, at \*33 (Mar. 21, 2002). In determining whether the non-movant successfully carried its burden, neither this Court nor the trial court is required to wade through a voluminous record to marshal appellants= proof. *See Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 81 (Tex. 1989). Thus, when presenting summary-judgment proof, a party must specifically identify the supporting proof on file which it seeks to have considered by the trial court. *See Boeker v. Syptak*, 916 S.W.2d 59, 61 (Tex. App.CHouston [1st Dist.] 1996, no writ). Attaching entire documents to a motion for summary judgment or to a response and referencing them only generally does not relieve the party of pointing out to the trial court where in the documents the issues set forth in the motion or response are raised. *See Guthrie v. Suiter*, 934 S.W.2d 820, 826 (Tex. App.CHouston [1st Dist.] 1996, no writ). The Trevinos did not point to any evidence to support their causes of action against Lead Pipe and Guaranty Abstract & Title nor did the Trevinos direct the court=s attention to evidence relating to the challenged elements. Therefore, the district court properly granted summary judgment in favor of Lead Pipe and Guaranty Abstract & Title. Accordingly, we overrule the Trevinos= second, third, and seventh points of error.

In their fifth point of error, the Trevinos assert that Athe court erred in denying appellants=

motion to strike appellee Lead Pipe=s late filed second supplement to motion for summary judgment which

was in violation of the court=s scheduling order.@ The record reflects that Lead Pipe filed the supplement on

April 2, 2001, more than fifty days before the May 25, 2001 summary judgment hearing. The Trevinos

failed to establish that the district court abused its discretion in denying their motion to strike or in

considering Lead Pipe=s second supplement. *See Daniell v. Citizens Bank*, 754 S.W.2d 407, 409 (Tex.

App.CCorpus Christi 1988, no writ); *see also* Tex. R. Civ. P. 166a(c). We overrule the Trevinos= fifth

point of error. Because these points of error are dispositive of the Trevinos= appeal, we do not address

their fourth and sixth points of error. *See* Tex. R. App. P. 47.1.

**CONCLUSION**

As the movant in a traditional motion for summary judgment, Goss had the burden of

disproving at least one element of each of the Trevinos= causes of action. Because his general assertion in

his motion that he never communicated with the Trevinos is contradicted by the summary judgment proof he

produced, he failed to establish his entitlement to judgment as a matter of law. Therefore, the district court

erred in granting summary judgment in his favor. Accordingly, we sustain the Trevinos= first point of error.

As the non-movants in a no-evidence motion for summary judgment, the Trevinos had the burden to

produce more than a scintilla of evidence that would raise a genuine issue of material fact on the elements of

their claims challenged by Lead Pipe and Guaranty Abstract & Title. By failing to direct this Court or the

court below to any evidence that would support their causes of action, the Trevinos failed to comply with

the requirements of rule 166a(i). Accordingly, we overrule their no-evidence points of error and hold that

10

Lead Pipe and Guaranty Abstract & Title established their entitlement to judgment as a matter of law. Having sustained the Trevinos=first point of error and overruled their other points of error, we reverse and remand only that portion of the judgment relating to Goss=s summary judgment; in all other respects, we affirm the judgment of the district court.


Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed in Part; Reversed and Remanded in Part

Filed:   June 21, 2002

Do Not Publish