TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00521-CV







Armando H. Trevino and Petra L. Trevino, Appellants


v.


Roy Damon Goss; Guaranty Abstract & Title Company of San Angelo, Texas, a Texas
Corporation; and Lead Pipe Cinch Corp., a Texas Corporation, d/b/a

Coldwell Banker Patterson Properties, Appellees







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT

NO. C-99-0297-C-1, HONORABLE TOM GOSSETT, JUDGE PRESIDING






 This dispute concerns the appellants' legal interest in property they purchased from
appellee Roy Damon Goss and his two siblings. (1) Appellants Armando H. Trevino and Petra L.
Trevino contend that the district court erred in granting summary judgment against them and in favor
of appellees Goss, Guaranty Abstract & Title Company of San Angelo, and Lead Pipe Cinch Corp.
d/b/a Coldwell Banker Patterson Properties. Because summary judgment was proper as to Guaranty
Abstract & Title and Lead Pipe, but improper as to Goss, we affirm in part, and reverse and remand
in part the district court's judgment.


BACKGROUND

 Responding to an advertisement in the San Angelo Standard-Times, Petra Trevino
called Goss to inquire about purchasing property he had listed for sale. Goss briefly described the
property, suggested the Trevinos go out and look at it, and advised them to contact Lead Pipe, the
family's listing broker. The Gosses owned two adjoining tracts of property, one slightly less than
sixteen and one-half acres, the other approximately ten acres. The Trevinos expressed interest only
in the sixteen and one-half acre tract. After visiting the property and speaking with Goss and the
Lead Pipe broker, the Trevinos learned that the only ingress and egress into the property was a thirty-foot strip of land on the southern boundary of the property. The Trevinos decided to purchase the
property and Guaranty Abstract & Title, the escrow agent, conducted the closing at its office. The
warranty deed delivered to the Trevinos on March 21, 1997 conveyed to them an easement across
the thirty-foot strip of land.

 On March 19, 1999, the Trevinos filed suit against the Gosses, Lead Pipe, and
Guaranty Abstract & Title, seeking, among other relief, a reformation of their title to reflect a fee
simple interest in the strip of land. Goss filed a traditional motion for summary judgment, attaching
thereto his affidavit and excerpts of the Trevinos' deposition testimony. Lead Pipe and Guaranty
Abstract & Title both filed no-evidence motions for summary judgment. The district court granted
all three motions and then severed the cause, thereby making its summary judgment final and
appealable. Based on that judgment, the Trevinos bring this appeal.

DISCUSSION

 In seven points of error, the Trevinos challenge the propriety of the district court's
granting of summary judgment in favor of Goss, Lead Pipe, and Guaranty Abstract & Title. In their
first point of error, the Trevinos contend that the district court erred in granting Goss's motion for
summary judgment because Goss's proof was contradictory and created genuine issues of material
fact. The standard for reviewing a traditional motion for summary judgment is well established: (1)
the movant for summary judgment has the burden of showing that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law; (2) in deciding whether there
is a disputed material fact issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of
the non-movant and any doubts resolved in its favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548-49 (Tex. 1985). When a defendant seeks to obtain summary judgment based on a
plaintiff's inability to prove its case, the defendant must conclusively disprove at least one element
of each of the plaintiff's causes of action. See Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.
1991).

 Goss's motion for summary judgment states, in pertinent part:


A. This motion is based upon Plaintiffs' own testimony that ROY DAMON GOSS
was not present at the closing of the sale, at the negotiations, nor at any meeting
with the Plaintiffs or their representatives. Additionally, the Plaintiffs have
never even spoken, written or had any discussions with ROY DAMON GOSS.
. . .


B. There is no issue of fact as to these matters. Without any communication, there
can be no misrepresentation.



In support of his motion, Goss attached his affidavit and excerpts from the Trevinos' deposition
testimony. In evaluating Goss's evidence, we are mindful of Texas Rule of Civil Procedure 166a(c),
which provides, in pertinent part:


A summary judgment may be based on uncontroverted testimonial evidence of an
interested witness . . . if the evidence is clear, positive and direct, otherwise credible
and free from contradictions and inconsistencies, and could have been readily
controverted.



Tex. R. Civ. P. 166a(c). Regardless of the type of summary proof produced, "the movant . . . must
establish his entitlement to a summary judgment on the issues expressly presented to the trial court
by conclusively proving all essential elements of his cause of action or defense as a matter of law." 
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). These requirements make
clear that, not only must Goss's evidence be free from internal inconsistencies, his proof must
support the grounds asserted in his summary judgment motion. Cf. Mariner Fin. Group, Inc. v.
Bossley, No. 00-0325, slip op. at 4, 2002 Tex. LEXIS 82, at *6 (Tex. June 13, 2002) (noting that,
because it did not file a no-evidence summary judgment motion, Mariner had to establish its
entitlement to judgment as a matter of law); Lee v. Lee, 43 S.W.3d 636, 641 (Tex. App.--Fort Worth
2001, no pet.) (holding affidavits not meeting strict requirements of rule 166a(c) do not constitute
summary judgment evidence). Goss's summary judgment proof shows that: Petra Trevino called
Goss before speaking with anyone from Lead Pipe; and Goss briefly described the property to her
and explained that the thirty-foot strip of land on the southern boundary of the property would be the
Trevinos' means of accessing the property. Because Goss's summary judgment proof contradicts
his only basis for summary judgment, i.e., that he never communicated with the Trevinos, he has not
demonstrated his entitlement to summary judgment. See Bossley, 2002 Tex. LEXIS 82, at *6. 
Accordingly, we sustain the Trevinos' first point of error and hold that the district court erred in
granting summary judgment in favor of Goss.

 In their second, third, and seventh points of error, the Trevinos challenge the district
court's granting of a no-evidence summary judgment in favor of Lead Pipe and Guaranty Abstract
& Title. Unlike a traditional summary judgment movant, a no-evidence summary judgment movant
does not bear the burden of establishing a right to judgment by proving each claim or defense. See
Holmstrom v. Lee, 26 S.W.3d 526, 530 (Tex. App.--Austin 2000, no pet.). Instead, a party seeking
a no-evidence summary judgment must assert that no evidence exists as to one or more of the
essential elements of the non-movant's claims on which the non-movant would have the burden of
proof at trial. McCombs v. Children's Med. Ctr., 1 S.W.3d 256, 258 (Tex. App.--Texarkana 1999,
pet. denied). If the non-movant fails to produce more than a scintilla of probative evidence raising
a genuine issue of fact as to the contested element(s), summary judgment is appropriate. See Tex.
R. Civ. P. 166a(i); Holmstrom, 26 S.W.3d at 530. In contrast to the de novo standard applied to
traditional summary judgment motions, a no-evidence summary judgment is essentially a directed
verdict granted pretrial, to which we apply a legal sufficiency standard of review. See Jackson v.
Fiesta Mart, 979 S.W.2d 68, 70 (Tex. App.--Austin 1998, no pet.).

 Lead Pipe filed a motion for summary judgment asserting that appellants had "no
evidence of one or more of the essential elements of a claim for fraud" against Lead Pipe. Guaranty
Abstract & Title's motion asserted that appellants had no evidence to establish a breach of duty by
Guaranty Abstract & Title, and thus, the Trevinos could not prevail on their negligence claim. 
Guaranty Abstract & Title further alleged that the Trevinos had no evidence to support any of the
elements of their Deceptive Trade Practices Act or fraud claims. By filing no-evidence motions for
summary judgment, Lead Pipe and Guaranty Abstract & Title placed the burden on the Trevinos to
come forward with more than a scintilla of evidence establishing a genuine issue of material fact on
the challenged elements. See Tex. R. Civ. P. 166a(i); Holmstrom, 26 S.W.3d at 530. The Trevinos,
however, failed to meet this burden. (2) In response to Lead Pipe's no-evidence motion, the Trevinos
produced the affidavits of Isaac Castro, Armando Trevino, and Petra Trevino, and stated: "Based
on these affidavits, there is no question that causes of action for negligence, fraud, and deceptive
trade practices exists in this case against Defendant." The Trevinos failed, however, to reference a
single page in the more than 200 pages of documents they attached to their response to the motions. 
The Trevinos filed a similar response to Guaranty Abstract & Title's motion. In that response, they
asserted, "Attached hereto and incorporated by reference, is an appendix containing affidavits,
discovery, and documentary evidence, setting forth summary judgment proof of the existence of a
material fact concerning each and every element under the Texas Deceptive Trade Practices Act." 
Again, they made no reference to any specific evidence.

 The requirements of rule 166a(i) are clear: "The court must grant the [no-evidence]
motion unless the respondent produces summary judgment evidence raising a genuine issue of
material fact." Tex. R. Civ. P. 166a(i). To defeat a motion made under 166a(i), the non-movant is
not required to marshal its proof; its response must, however, "point out" evidence that raises a fact
issue on the challenged elements. Johnson v. Brewer & Pritchard, P.C., 45 Tex. Sup. J. 470, 2002
Tex. LEXIS 24, at *33 (Mar. 21, 2002). In determining whether the non-movant successfully carried
its burden, neither this Court nor the trial court is required to wade through a voluminous record to
marshal appellants' proof. See Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 81 (Tex. 1989). Thus,
when presenting summary-judgment proof, a party must specifically identify the supporting proof
on file which it seeks to have considered by the trial court. See Boeker v. Syptak, 916 S.W.2d 59,
61 (Tex. App.--Houston [1st Dist.] 1996, no writ). Attaching entire documents to a motion for
summary judgment or to a response and referencing them only generally does not relieve the party
of pointing out to the trial court where in the documents the issues set forth in the motion or response
are raised. See Guthrie v. Suiter, 934 S.W.2d 820, 826 (Tex. App.--Houston [1st Dist.] 1996, no
writ). The Trevinos did not point to any evidence to support their causes of action against Lead Pipe
and Guaranty Abstract & Title nor did the Trevinos direct the court's attention to evidence relating
to the challenged elements. Therefore, the district court properly granted summary judgment in favor
of Lead Pipe and Guaranty Abstract & Title. Accordingly, we overrule the Trevinos' second, third,
and seventh points of error.

 In their fifth point of error, the Trevinos assert that "the court erred in denying
appellants' motion to strike appellee Lead Pipe's late filed second supplement to motion for
summary judgment which was in violation of the court's scheduling order." The record reflects that
Lead Pipe filed the supplement on April 2, 2001, more than fifty days before the May 25, 2001
summary judgment hearing. The Trevinos failed to establish that the district court abused its
discretion in denying their motion to strike or in considering Lead Pipe's second supplement. See
Daniell v. Citizens Bank, 754 S.W.2d 407, 409 (Tex. App.--Corpus Christi 1988, no writ); see also
Tex. R. Civ. P. 166a(c). We overrule the Trevinos' fifth point of error. Because these points of error
are dispositive of the Trevinos' appeal, we do not address their fourth and sixth points of error. See
Tex. R. App. P. 47.1.


CONCLUSION

 As the movant in a traditional motion for summary judgment, Goss had the burden
of disproving at least one element of each of the Trevinos' causes of action. Because his general
assertion in his motion that he never communicated with the Trevinos is contradicted by the
summary judgment proof he produced, he failed to establish his entitlement to judgment as a matter
of law. Therefore, the district court erred in granting summary judgment in his favor. Accordingly,
we sustain the Trevinos' first point of error. As the non-movants in a no-evidence motion for
summary judgment, the Trevinos had the burden to produce more than a scintilla of evidence that
would raise a genuine issue of material fact on the elements of their claims challenged by Lead Pipe
and Guaranty Abstract & Title. By failing to direct this Court or the court below to any evidence that
would support their causes of action, the Trevinos failed to comply with the requirements of rule
166a(i). Accordingly, we overrule their no-evidence points of error and hold that Lead Pipe and
Guaranty Abstract & Title established their entitlement to judgment as a matter of law. Having
sustained the Trevinos' first point of error and overruled their other points of error, we reverse and
remand only that portion of the judgment relating to Goss's summary judgment; in all other respects,
we affirm the judgment of the district court.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed in Part; Reversed and Remanded in Part

Filed: June 21, 2002

Do Not Publish
1.   Roy Damon Goss, his brother (Sheryl Goss), and sister (Charlotte Goss) each owned a one-third interest in the real property at issue. The Trevinos initially sued all three siblings but later non-suited Charlotte Goss. The Trevinos' suit against Sheryl Goss is still pending because, after the
district court granted appellees' summary judgment motions, it severed the Trevinos' cause of action
against Sheryl so that the summary judgments would be final and appealable.
2.   At the summary judgment hearing, appellees' counsel advised the Trevinos' counsel of his
burden to point to some evidence that raised a genuine issue of material fact. The Trevinos' counsel
responded that, at the summary judgment hearing, he had no burden and that the documents attached
to his summary judgment response satisfied his burden.