NO. 07-08-0321-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D 

 MAY 19, 2009

______________________________


JOE E. HALL, APPELLANT

V.

RONDA PARKS, APPELLEE

_________________________________

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-542,598; HONORABLE WILLIAM C. SOWDER




_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


MEMORANDUM OPINION


          Appellant, Joe E. Hall, appeals from a judgment rendered in favor of Appellee,
Ronda Parks, following a jury trial of Parks’s action seeking to settle a property dispute
arising out of an executory contract for conveyance of real property.


 Hall asserts the trial
court erred by (1) failing to grant an instructed verdict or judgment notwithstanding the
verdict in favor of Hall on Parks’s action asserting waiver; and (2) issuing judgment in favor
of Parks as buyer under the executory contract in question. We affirm.
Background
          This is a suit concerning an executory contract for conveyance of real property
originally entered into between Hall


 and Steven Daniel Johnson that was subsequently
assigned from Johnson to Parks. In her suit, Parks alleged actions for breach of contract,
wrongful eviction, statutory fraud, violations of Texas Property Code sections 5.06(a),
5.063, 5.065, 5.066, 5.075 and 5.077, a declaratory judgment action based on violations
of Texas Property Code section 5.077, and waiver. Hall filed a counter-petition asserting
a declaratory judgment action that sought a finding that Hall owned the property at issue
and, in the alternative, sought a finding of breach of contract if the trial court determined
a valid contract existed between Hall and Parks.
 
 
          Contract for Deed
          On August 10, 2003, Hall entered into a contract with Johnson, whereby Hall agreed
to convey certain real property


 to Johnson based upon Johnson’s agreement to pay a
purchase price of $15,000.00, in monthly installments of $294.01, representing payments
of principal and interest. The contract contained an assignment prohibition provision which
stated as follows:
Neither this contract nor the property herein described may be assigned,
sold, pledged or mortgaged by the Purchaser without first obtaining the
written consent of Seller thereto. 
 
          The contract also contained a default provision which permitted Hall to “elect . . . to
declare the entire unpaid indebtedness, together with interest . . . due and payable . . . or
to declare [the] contract cancelled and of no further force and effect . . .” in the event a
violation of any provision remained uncured for ten days. Following execution of the
contract, Johnson lived on the property and made substantial improvements. 
          On March 3, 2004, Johnson assigned his entire interest in the contract to Parks. 
The assignment stated, in pertinent part, as follows:
I would request that this statement be made retroactive to the initial signing
of the contractual agreement between myself and the landowners, JOE and
BETTIE HALL, of Lubbock, Texas, that being August 15, 2003. 
 
Pursuant to this agreement, Ronda V. Parks will be responsible for the
prorated 2003 property taxes . . . to present as long as she remains a party
to the amended contract, and any other costs/fees applied to the purchase
of the property located at 6517 East 1st, Lubbock, Texas, for which I would
have been, otherwise, accountable for.
 
It is my understanding that Joe and Bettie Hall are amenable to this
settlement and will hold it binding to the original contract. 
 
          After Johnson executed the assignment, Parks delivered it to Hall. She explained
that Johnson was going to be absent for a time


 and asked if she could take over
Johnson’s rights and duties under the contract. Although Hall did not agree to the
assignment in writing, he accepted the assignment and filed it with his papers relating to
the executory contract in question. After delivering the assignment, Parks began making
monthly payments, which Hall accepted.
 
 
          Subsequent Litigation 
          In July 2006, Jimmie Joe and Janie Carol Littlefield, prior purchasers of the property
sold by Hall to Johnson in 2003, filed suit claiming an ownership interest in the property. 
Parks subsequently intervened in the suit. In October 2006, Parks ceased making
payments to Hall on the advice of her attorney and instead began making her monthly
payment into a trust account on Hall’s behalf. Nevertheless, in April 2007, Hall sent a letter
of default to Johnson seeking payments owing from October 2006 through May 2007 with
interest. The letter further indicated that, if the delinquency amount was not paid, the
property would be sold in foreclosure. Parks testified she never received the letter and was
unaware whether Johnson received the letter. In August 2007, Hall foreclosed on
Johnson’s interest in the property and the property was struck off to Hall at the foreclosure
sale. Johnson’s interest in the property was subsequently conveyed to Hall by trustee’s
deed. In September 2007, title to the property was cleared of the Littlefields’ claim. 
          In March 2008, Parks filed the action underlying this appeal after Hall filed an
eviction proceeding against her. The eviction suit was abated pending resolution of this
suit.
          The Trial
          On June 18, 2008, Parks’s suit was tried before a jury. After Parks’s case-in-chief,
Hall moved for an instructed verdict on all Parks’s causes of action. The trial court granted
Hall’s motion on all Parks’s causes of action with the exception of her claim that Hall
waived the contract provision requiring Hall’s written consent to the assignment between
Johnson and Parks. 
          At Parks’s request, the trial court submitted two questions to the jury on her waiver
cause of action as follows:
QUESTION NO. 1: Do you find that Steven Johnson conveyed his interest
in the contract in question to Ronda Parks? Answer “Yes” or “No” _____
 
QUESTION NO. 2: Was Steven Johnson’s failure to obtain Joe E. Hall’s
written consent to assign the contract for deed to Ronda Parks excused? 
Answer “Yes” or “No” _____
 
          The jury answered “Yes” to both questions, Hall subsequently filed a motion for
judgment notwithstanding the verdict, and the trial court denied his motion.
          On July 25, 2008, the trial court issued its judgment. The judgment held that
Johnson’s assignment to Parks was valid; Hall waived his contractual right to require his
written consent to the assignment; and that Hall was legally responsible as seller, and
Parks was legally responsible as buyer, under the terms and conditions of the original
executory contract as if Parks had originally executed the contract.


 Finally, the trial court
ordered that Hall take nothing on his counterclaim against Parks, that each party bear their
own attorney fees, and that costs be assessed against Hall. This appeal followed.
Discussion
          Hall contends Parks offered no evidence to establish that he waived his contractual
right to require his written consent to the assignment of Johnson’s rights under the contract
to Parks. Hall also asserts that, because Parks did not sign the assignment, she was not
legally obligated to pay the indebtedness on the contract. As a result, Hall contends his
notice of default and foreclosure of the contract gave him clear title to the property through
his Trustee’s Deed. 
          I.        Standard of Review 
          In reviewing rulings on motions for directed verdicts and judgments notwithstanding
the verdict, appellate courts apply the no-evidence standard. See City of Keller v. Wilson,
168 S.W.3d 802, 823 (Tex. 2005); McGuire, Craddock, Strother & Hale, P.C. v.
Transcontinental Realty, 251 S.W.3d 890, 895 (Tex.App.–Dallas 2008, pet. denied). The
court reviews the evidence and must credit the favorable evidence if reasonable jurors
would and disregard contrary evidence unless reasonable jurors would not. City of Keller,
168 S.W.3d at 827. A challenge to the legal sufficiency of evidence will be sustained
when, among other things, the evidence offered to establish a vital fact does not exceed
a scintilla. Kroger Tex. Ltd. P’ship v. Suberu, 216 S.W.3d 788, 793 (Tex. 2006). Evidence
does not exceed a scintilla if it is “so weak as to do no more than create a mere surmise
or suspicion” that the fact exists. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex.
2004). 
          II.       Waiver
          Waiver occurs when a party either intentionally relinquishes a known right or
engages in intentional conduct inconsistent with claiming that right. Zipp Industries, Inc.
v. Ranger Ins. Co., 39 S.W.3d 658, 664 (Tex.App.–Amarillo 2001, no pet.) (citing In Re
Epic Holdings, Inc., 985 S.W.2d 41, 57 (Tex. 1998)). A party’s silence or inaction, coupled
with knowledge of the right, for such an unreasonable period of time as to indicate an
intention to waive the right, is enough to prove waiver. See Tenneco Inc. v. Enterprise
Prods. Co., 925 S.W.2d 640, 643 (Tex. 1996); Alford, Meroney & Co. v. Rowe, 619 S.W.2d
210, 213 (Tex.Civ.App.–Amarillo 1981, writ ref’d n.r.e.). And, once a right is waived, such
right is lost forever and cannot be reclaimed without the consent of the other party. Burton
v. National Bank of Commerce of Dallas, 679 S.W.2d 115, 118 (Tex.App.–Dallas 1984, no
writ). Waiver is largely a matter of intent; thus, for implied waiver to be found through a
party’s actions, intent must be clearly demonstrated by the surrounding facts and
circumstances. Continental Casing Corp. v. Siderca Corp., 38 S.W.3d 782, 789
(Tex.App.–Houston [14th Dist.] 2001, no pet.).
          A contractual provision prohibiting assignment without a grantor’s consent is a
provision for the grantor’s benefit and may be waived by the grantor. See Johnson v.
Structured Asset Services, LLC, 148 S.W.3d 711, 722 (Tex.App.–Dallas 2004, no pet.);
Twelve Oaks Tower I, Ltd. v. Premier Allergy, Inc., 938 S.W.2d 102, 112
(Tex.App.–Houston [14th Dist.] 1996, no writ). A grantee/debtor’s failure to obtain the
required consent does not render the assignment void, rather, it is voidable at the option
of the grantor. Twelve Oaks Tower I, 938 S.W.2d at 112. 
          Here, there is more than a scintilla of evidence that Hall waived his contractual right 
to require his written consent prior to Johnson’s assignment. After Johnson executed the
assignment, Parks delivered the same to Hall. She asked if she could take over Johnson’s
rights and duties under the contract and Hall acquiesced. For the next three years, Parks
paid Hall, and Hall accepted payment. During this period, Hall never exercised his rights
under the executory contract in question. In fact, at trial, Hall testified that he would have
signed an assignment from Johnson to Parks in 2003 had the assignment document been
prepared by an attorney. Thus, Hall’s silence and inaction for such an unreasonable time,
coupled with his knowledge of Parks’s interest in the contract, clearly indicated his intention
to waive his contractual right to written consent to Johnson’s assignment. See Tenneco
Inc., 925 S.W.2d at 643 (three years without complaint); Twelve Oaks Tower I, 938 S.W.2d
at 112 (waiver where lessor accepts rent without complaint). Appellant’s first issue is
overruled.

III.      Assignment
          Hall asserts that his notice of default and foreclosure on the executory contract
mailed to Johnson was sufficient to give him good title to the property by virtue of his
Trustee’s Deed. Section 5.063 of the Texas Property Code requires that a notice of default
“be delivered by registered or certified mail, return receipt requested” to the purchaser’s
residence. Tex. Prop. Code Ann. § 5.063(a), (c) (Vernon 2004). Similarly, written notice
of a foreclosure sale must be served on each debtor “by certified mail.” Tex. Prop. Code
Ann. § 51.002(b)(3) (Vernon Supp. 2008). In order for a trustee to lawfully undertake a
foreclosure on real property, he or she is required to comply with the notice requirements
set forth in the deed of trust and as prescribed by law. Stanley v. CitiFinancial Mortg. Co.,
Inc., 121 S.W.3d 811, 817 (Tex.App.–Beaumont 2003, pet. denied). 
          The record contains no evidence that the demand letter of default from Hall to
Johnson dated April 13, 2007 was either registered or certified.


 Neither does the record
contain any evidence of a letter, certified or not, posted by the trustee noticing the
foreclosure sale to either Johnson or Parks. Furthermore, Hall’s Trustee Deed indicates
there was a foreclosure sale of Johnson’s interest in the property but there is no evidence
of a foreclosure sale of Parks’s interest.


 Because Hall’s notice of default and foreclosure
was defective, we need not reach the issue of whether Parks, as assignee, had expressly
or impliedly assumed Johnson’s obligations under the original contract.


 Accordingly, Hall’s
second issue is overruled.
Conclusion
The trial court’s judgment is affirmed. 


                                                                           Patrick A. Pirtle

                                                                                 Justice